■ AUTEX, INC., Respondent, v RICHARD RUBIO et al., Appellants.—In an action, *inter alia,* to recover damages for breach of a restrictive noncompetition covenant of a contract of employment, the defendants appeal from an order of the Supreme Court, Suffolk County (Gowan, J.), entered November 14, 1989, which, *inter alia,* vacated the plaintiff's default in appearance at trial.

Ordered that the order is affirmed, with costs.

The instant action was commenced by the plaintiff corporation in or about 1983 seeking damages stemming from the defendants' alleged breach of a covenant not to compete with the plaintiff's automotive repair business. It appears from the record that a settlement of the action was imminent, but that settlement negotiations fell through because of the acrimony between the two shareholders who control the plaintiff corporation. As a consequence, on August 10, 1987, the parties appeared before Justice McCarthy of the Supreme Court, Suffolk County, and after reporting that settlement negotiations were at a standstill, agreed that the matter should be marked off the calendar but that it could be restored upon a letter requesting this relief. Formal motion practice was deemed unnecessary.

Through no fault of any of the parties, the matter was apparently inadvertently restored to the calendar by a clerk. The defendants were advised of this and appeared, ready for trial, on the calendar date. The plaintiff was never similarly notified and upon the plaintiff's default, the Supreme Court dismissed the action with prejudice and denied both the plaintiff's ensuing motion to vacate its default and its motion for renewal and/or reargument. However, upon reconsideration the court vacated the plaintiff's default. The defendants now appeal.

We agree with the plaintiff's contention that the action had not been abandoned nor had it been stricken from the trial calendar for failure to prosecute pursuant to CPLR 3404. Rather, as the record makes abundantly clear, the matter was

removed from the calendar without objection, due to the stalemate in settlement negotiations caused by the inability of the plaintiff's controlling shareholders to reach an agreement to accept a settlement offer proposed by the defendants. While the plaintiff may have acted less than diligently thereafter, the record indicates that the matter was never intentionally abandoned and the defendants' assertions to the contrary are unavailing. Accordingly, under the circumstances the court did not improvidently exercise its discretion in restoring the action (see, Sannella v Plainview Fire Dept., 136 AD2d 617). Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.