■ THOMAS BARTON et al., Respondents, v SCOTT JABLON et al., Appellants.—In an action to recover damages for chiropractic malpractice, the defendants appeal from an order of the Supreme Court, Nassau County (Brucia, J.), dated May 1, 1990, which granted the plaintiffs' motion to restore the action to the trial calendar and denied the defendants' cross motion to dismiss the action for failure to prosecute.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, and the action is dismissed.

The record reveals that the within action for chiropractic malpractice, originally commenced in 1983, twice appeared on the court's trial calendar in 1989, during which time the parties began to select a jury. The case was stricken from the trial calendar on both occasions and the juries selected were disbanded at the plaintiffs' request since, according to the plaintiffs, they could not secure the appearance of an expert witness. A period of approximately seven months elapsed before the plaintiffs ultimately moved to restore the matter to the trial calendar. In response, the defendants cross-moved to dismiss the action on the ground that the plaintiffs had neglected to prosecute the action. The Supreme Court granted the plaintiffs' motion and denied the defendants' cross motion. We reverse.

A plaintiff who seeks to restore a case to the trial calendar within a year following its being stricken therefrom, must bear the burden of demonstrating the existence of a meritorious cause of action, show a sufficient reason for the delay, and establish the absence of prejudice to his or her adversary (see,

*Public Adm'r of County of N. Y. v Heil Corp.,* 126 AD2d 533; *Kunker v Charbonneau Contr. Corp.,* 119 AD2d 884; *cf., Balducci v Jason,* 133 AD2d 436, 437). The plaintiffs have failed to discharge this burden.

In support of the plaintiffs' application, counsel conclusorily asserted that the seven month delay in moving to restore the case to the trial calendar occurred because the matter had been handled by an associate who had subsequently left the firm and because the case file was later misplaced. Most importantly, the matter had twice been removed from the trial calendar due to the inability of the plaintiffs to secure the appearance of an expert witness. This failure to produce an expert was in the nature of a default and tended to indicate a lack of merit to the plaintiffs' case. Accordingly it was incumbent upon them to support their application with the affidavit of an expert attesting to the merit of their chiropractic malpractice claim. Such an affidavit was not submitted with their initial moving papers. It was only after the defendants cross-moved to dismiss the action for lack of prosecution, that the plaintiffs first submitted the affidavit of a chiropractor in support of their motion. Further, a review of that affidavit reveals that it is insufficient to demonstrate the potential merit of the action. The affidavit merely contains a conclusory recitation of malpractice and neither describes the injury which the plaintiff Thomas Barton sustained nor outlines with any particularity the manner in which the alleged professional departures purportedly caused that injury *(cf., Public Adm'r of County of N. Y. v Heil Corp., supra,* at 533).

In light of the foregoing, we conclude that the Supreme Court improvidently exercised its discretion in granting the plaintiffs' motion to restore the matter to the trial calendar and in denying the defendants' cross motion to dismiss for lack of prosecution. Thompson, J. P., Harwood, Rosenblatt and Ritter, JJ., concur.