■ JAMES MARKARIAN, Individually and as Administrator of the Estate of SONIA MARKARIAN, Deceased, Respondent, v M. L. HUNDERT et al., Appellants, et al., Defendants. [660 NYS2d 590] —In an action to recover damages, *inter alia,* for medical malpractice, the defendants M. L. Hundert and North Shore University Hospital separately appeal from an order of the Supreme Court, Queens County (Posner, J.), dated February 24, 1997, which granted the plaintiffs' motion to restore the action to the trial calendar.

Ordered that the order is affirmed, with one bill of costs.

The Supreme Court did not improvidently exercise its discretion in restoring the plaintiffs' action to the trial calendar less than one year after it had been marked off *(see, e.g., Hatcher v Cassanova,* 180 AD2d 664; *Butler v St. John's Episcopal Hosp.,* 173 AD2d 755; *Balducci v Jason,* 133 AD2d 436; Siegel, NY Prac § 376, at 561 [2d ed]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3404:1, at 73). As the court correctly found, the plaintiffs' application was adequately supported by, *inter alia,* an affidavit of merit from a medical expert setting forth evidentiary facts in support of the plaintiffs' action *(see,* Uniform Rules for Trial Cts [22 NYCRR] § 202.21 [f]).

In addition, the matter was initially marked off not because of a delinquency by the plaintiffs' counsel, but rather because he was actually engaged on trial in another court when this action was called for trial. It has been held that where, as here, the action was not marked off due to any default on the plaintiffs' part, and the motion to restore was not untimely, the plaintiffs need not be held to standards as rigorous as those applicable to a party in default *(see, e.g., Balducci v Jason, supra; Walsh v Hanson,* 58 AD2d 958; *cf., Iorio v Galeon,* 230 AD2d 771; *Maida v Rite Aid Corp.,* 210 AD2d 589). Accordingly, we do not find that the court improvidently exercised its discretion in granting the plaintiffs' motion to restore the action to the trial calendar notwithstanding that the plaintiffs' counsel neglected to submit a certificate of readiness with his motion papers *(see, e.g.,* Uniform Rules for Trial Cts [22 NYCRR] § 202.21 [f]). Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.