■ ELECTRONIC SERVICES INTERNATIONAL, INC., Respondent, v RALPH SILVERS, Doing Business as RALPH SILVERS AGENCY, Appellant. [688 NYS2d 244] —In an action to recover damages for insurance broker malpractice, the defendant appeals from so much of an order of the Supreme Court, Queens County (Golia, J.), dated February 13, 1998, as granted that branch of the plaintiff's motion which was to restore the action to the trial calendar.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in restoring the plaintiff's action to the trial calendar less than one year after it had been struck therefrom (see, e.g., Markarian v Hundert, 242 AD2d 263; Butler v St. John's Episcopal Hosp., 173 AD2d 755; Balducci v Jason, 133 AD2d 436). The plaintiff's application was adequately supported by, inter alia, an affidavit of merit from its President setting forth evidentiary facts in support of its action (see, Uniform Rules for Trial Cts [22 NYCRR] § 202.21 [f]).

In addition, the action was initially struck from the calendar because the plaintiff had filed a petition for relief under chapter 11 of the United States 1978 Bankruptcy Code (11 USC) § 1101 et seq. and the plaintiff was in the process of obtaining new counsel. Where the action was not struck from the calendar due to any default on the plaintiff's part, and the motion to restore was not untimely, the plaintiff need not be held to stan-

dards as rigorous as those applicable to a party in default (*see, Markarian v Hundert,* 242 AD2d 263). Accordingly, the action was properly restored to the trial calendar notwithstanding that the plaintiff's counsel neglected to submit a certificate of readiness with his motion papers (*see, Markarian v Hundert, supra*). Mangano, P. J., Santucci, Krausman and Florio, JJ., concur.