■ ANTHONY INCANNO et al., Appellants, v DONALD J. SPARACIO et al., Respondents. [703 NYS2d 242] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated April 8, 1999, which denied their motion, in effect, to renew their prior motion to restore the action to the trial calendar which was denied by order of the same court, dated February 22, 1999.

Ordered that the order is reversed, on the law, with costs, the motion to renew is granted, and upon renewal, the motion to restore the action to the trial calendar is granted, and the order dated February 22, 1999, is vacated.

The Supreme Court denied the plaintiffs' motion to restore the action to the calendar on the ground that they failed to submit an affidavit of merit. While Uniform Rules for Trial Courts (*see,* 22 NYCRR 202.21 [f]) requires that such a motion be supported by an affidavit showing that the action is meritorious, it is now settled that where the action was not marked off the calendar because of a plaintiff's default, and the motion to restore it is not untimely, a plaintiff need not be held to the rigorous standards applicable to a party in default (*see, Electronic Servs. Intl. v Silvers,* 260 AD2d 533; *Markarian v Hundert,* 242 AD2d 263). In addition, it was not the intention of 22 NYCRR 202.21 (f) to rigidly mandate the submission of an affidavit of merit irrespective of the absence of any default on the part of the party seeking restoration of the action to the trial calendar (*see, Balducci v Jason,* 133 AD2d 436). In the case at bar, since there was no default on the part of the plaintiffs, and the motion to restore the action was made within one year of the date it was marked off the calendar, no affidavit of merit was required (*see, Bonoff v Troy,* 244 AD2d 260; *Butler v St. John's Episcopal Hosp.,* 173 AD2d 755; *Balducci v Jason, supra*). Thus, the Supreme Court should have granted the plaintiffs' motion to renew, and upon renewal, granted the motion to restore. Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.