◼ RICHARD ROSE, Respondent, v KAGAN & CLINTON, INC., Appellant. [712 NYS2d 366] —In an action, *inter alia,* to recover damages for breach of an employment contract, the defendant appeals from an order of the Supreme Court, Kings County (I. Aronin, J.), dated February 2, 2000, which denied its motion to vacate the plaintiff's note of issue, strike the case from the calendar, and dismiss the action pursuant to CPLR 3404.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the note of issue is vacated, and the action is dismissed.

Even where a plaintiff timely moves to restore an action within a year of the date it was marked off the trial calendar, he or she must nevertheless demonstrate a reasonable excuse for the default, a meritorious claim, a lack of intent to deliberately abandon the action, and a lack of prejudice to the nonmoving party (*see, Lupoli v Venus Labs.,* 264 AD2d 820; *Barton v Jablon,* 181 AD2d 755). Here, the Supreme Court erred in denying the defendant's motion, as the plaintiff did not make the requisite showing. The court rules referred to by the Supreme Court at a conference on August 13, 1999, are applicable only to the initial filing of a note of issue and do not govern cases such as this involving the restoration of a note of issue. Ritter, J. P., Sullivan, S. Miller, Luciano and H. Miller, JJ., concur.