■ LAURA BUCKHEIT et al., Respondents, v GERBER PRODUCTS COMPANY, Appellant. [715 NYS2d 156] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated February 28, 2000, which granted the plaintiffs' motion to vacate their default in appearing at a trial conference and to restore the action to the trial calendar.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

Even when, as here, the plaintiffs timely move to vacate their default in appearing at a trial conference and to restore the action to the trial calendar within a year of the date it was marked off, they must demonstrate a reasonable excuse for the default, a meritorious claim, a lack of intent to deliberately abandon the action, and a lack of prejudice to the nonmoving party (*see, Rose v Kagan & Clinton,* 274 AD2d 510; *Lupoli v Venus Labs.,* 264 AD2d 820; *Barton v Jablon,* 181 AD2d 755). Since the plaintiffs failed to demonstrate the existence of a meritorious claim, the Supreme Court erred in granting their motion. Ritter, J. P., Thompson, Friedmann, H. Miller and Feuerstein, JJ., concur.