■ ENNIO FRONGILLO, Appellant, v ACTION DIAGNOSTIC CENTER, INC., et al., Respondents, et al., Defendant. [716 NYS2d 870] —In an action to recover damages for personal injuries and medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (LaTorella, J.), dated December 23, 1999, which denied his motion to restore the action to the trial calendar, and, in effect, granted the cross motion of the defendants Jennifer Scavella and Stephen Simmonettie, individually and d/b/a Cross Island Chiropractic Center, *inter alia*, to dismiss the complaint insofar as asserted against them, and (2) a judgment of the same court, entered February 8, 2000, which dismissed the complaint insofar as asserted against the defendants Action Diagnostic Center, Inc., Jennifer Scavella, and Stephen Simmonettie, individually and d/b/a Cross Island Chiropractic Center.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified by adding a provision thereto severing the action against the remaining defendant; as so modified the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho*, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see*, CPLR 5501 [a] [1]).

The Supreme Court properly exercised its discretion in denying the plaintiff's motion to restore the action to the trial calendar and in granting the cross motion to dismiss. While the plaintiff moved to restore the action within one year of its being marked off the calendar, and thus, should not be held to the rigorous standards applicable to a party in default (*see, Incanno v Sparacio,* 269 AD2d 497; *Electronic Servs. Intl. v Silvers,* 260 AD2d 533; *Markarian v Hundert,* 242 AD2d 263), the plaintiff nevertheless failed to establish that he had complied with certain requirements previously set by the Supreme Court as a condition for the restoration of the action to the trial calendar. In addition, given that the action is now almost 16 years old, the prejudice to the defendants is manifest, justifying its dismissal. Ritter, J. P., Thompson, Friedmann, H. Miller and Feuerstein, JJ., concur.