■ In the Matter of CITY OF YONKERS, Respondent, v ZARIN REALTY COMPANY, L. L. C., et al., Appellants. [719 NYS2d 870]

—In a condemnation proceeding, the condemnees Zarin Realty Company, L. L. C., Gail Lewis, Citytrust, Midstates Resources Corp., and Gill Mechanical Co., Inc., appeal from (1) a corrected order of the Supreme Court, Westchester County (Palella, J.), entered December 23, 1999, which, upon an order denying the motion of Zarin Realty Company, L. L. C., in effect, to vacate its default in appearing for trial and to restore the case to the trial calendar, dismissed its claim for additional compensation, and (2) an order of the same court entered December 2, 1999, which denied the motion of Zarin Realty Company, L. L. C., for reargument.

Ordered that the appeal from the order entered December 2, 1999, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the appeal by Gail Lewis, Citytrust, Midstates Resources Corp., and Gill Mechanical Co., Inc., from the corrected order entered December 23, 1999, is dismissed, as those appellants are not aggrieved thereby (*see,* CPLR 5511); and it is further,

Ordered that the corrected order entered December 23, 1999, is affirmed; and it is further,

Ordered that the petitioner is awarded one bill of costs payable by the appellants.

The Supreme Court properly denied the motion of Zarin Realty Company, L. L. C. (hereinafter Zarin), in effect, to vacate its default in appearing for trial and to restore the case to the trial calendar. The papers submitted in support of Zarin's motion were insufficient to demonstrate the existence of a meritorious claim (*see,* CPLR 5015 [a]; *Swedish v Bourie,* 233 AD2d 495; *Martinez v Otis El. Co.,* 213 AD2d 523; *cf., Incanno v Sparacio,* 269 AD2d 497; *Bank of N. Y. v Spiro,* 267 AD2d 339, 340). Ritter, J. P., Friedmann, H. Miller and Smith, JJ., concur.