[731 NYS2d 35]

NARYAN BASETTI et al., Appellants, v MOHAMED K. NOUR et al., Respondents.

Second Department, October 1, 2001

## APPEARANCES OF COUNSEL

*Donner, Hariton & Berka, L. L. P.,* Bay Shore (*Wm. David Johnson* of counsel), for appellants.

*Kelly, Rode & Kelly, L. L. P.,* Mineola (*Cheryl M. Wendt* of counsel), for Mohamed K. Nour and another, respondents.

*Wortman, Fumuso, Kelly, Deverna & Snyder, L. L. P.,* Hauppauge (*Scott G. Christesen* of counsel), for J.U. Lim, respondent.

## OPINION OF THE COURT

FEUERSTEIN, J.

In this case, we are called upon to determine the burden a plaintiff must satisfy in order to restore a case within one year after it has been marked "off" or struck from the trial calendar pursuant to CPLR 3404. Prior cases from this Court have applied varying standards for restoration focusing on the basis of the "off" marking. For the reasons that follow, we hold that those cases should no longer be followed because they are inconsistent with the purpose of CPLR 3404.

## I. FACTS OF THIS CASE

In January 1995, the plaintiffs commenced this action to recover damages for personal injuries, etc., arising from medical malpractice that allegedly occurred in 1992. By September 8, 1997, discovery was complete and a note of issue was filed. Thereafter, the case was placed on the trial calendar on eight different occasions. On May 15, 1998, the Supreme Court granted an application by former counsel for the plaintiffs to be relieved and to have the case marked off the trial calendar. The court directed the plaintiffs to seek restoration of the case to the trial calendar by May 15, 1999. By notice dated May 11, 1999, the plaintiffs moved to restore the case to the trial calendar pursuant to CPLR 3404. In support of the motion, the plaintiffs' new counsel averred that he had been recently hired and, therefore, had not had time to read the case file. However, he asserted, given the impending May 15th deadline, the motion was being made prior to doing so. The defendants opposed the motion and separately cross-moved to dismiss the com-

plaint insofar as asserted against them. In the order appealed from, the Supreme Court denied the plaintiffs' motion and granted the defendants' cross motions.

## II. HISTORY OF CPLR 3404

CPLR 3404, entitled "Dismissal of abandoned cases," currently provides:

> "A case in the supreme court or county court marked 'off' or struck from the calendar or unanswered on a clerk's calendar call, and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute. The clerk shall make an appropriate entry without the necessity of an order."

As discussed in *Lopez v Imperial Delivery Serv.* (282 AD2d 190), CPLR 3404 is one of several calendar control devices. Others include CPLR 3216, which permits a case to be dismissed for want of prosecution prior to the filing of a note of issue, and Uniform Rules for Trial Courts (22 NYCRR) § 202.27, which permits a court to dismiss a case or take other *appropriate action* if a party fails to appear at a scheduled call of the calendar or at any conference.

Origin and Development of CPLR 3404

In 1942, the Judicial Council of the State of New York (hereinafter the Council) issued a report entitled, "Recommendation Concerning Dismissal of Abandoned Cases on the Court's Own Motion" (*see*, 8th Ann Report of NY Jud Council [1942] [hereinafter 1942 Report]). The Council recommended the enactment of a new rule 302 of the Rules of Civil Practice (the predecessor to CPLR 3404) which would read:

> "Dismissal of abandoned cases. In the supreme court and county courts a cause hereafter marked 'off' or stricken from the trial term or special term calendar or unanswered on a clerk's calendar call, and not restored within one year thereafter, shall be deemed abandoned, and the complaint and counterclaim, if any, shall be deemed dismissed *without costs for failure to prosecute.*" (1942 Report at 383.)

Concerning the purposes underlying the proposed rule, the Council asserted:

"The principal advantage of such a rule providing for automatic dismissal of a case which has remained dormant for one year after it has been marked off or stricken from the calendar is that cases actually dead are legally buried thus preventing the possibility of stale claims being brought up to haunt litigants.

"The rule, furthermore, will enable court clerks to clear deadwood from the calendars. This will affect particularly the clerks in those upstate counties having a large number of moribund cases which must be carried indefinitely because they have never been finally disposed of.

"As for the courts themselves, it would seem to be to their interest that litigation be properly disposed of in an orderly manner." (1942 Report at 383-384 [citations omitted].)

The Council noted that, although case law provided that the courts have the inherent power to dismiss an action on its own motion, the only statewide statutory provision then in existence for dismissing cases for failure to prosecute was section 181 of the Civil Practice Act (the predecessor to CPLR 3216). Section 181 read:

"Dismissal of complaint for neglect to proceed. Where the plaintiff unreasonably neglects to proceed in the action against the defendant, or one or more defendants against whom a separate judgment may be taken, the court, in its discretion, upon the application of the defendant or defendants or any of them against whom he so neglects to proceed, may dismiss the complaint as against the moving party or parties and render judgment accordingly."

The Council asserted that the effect of a dismissal under section 181 was somewhat indefinite because it was unclear whether such a dismissal was for failure to prosecute. Consequently, it was unclear whether, if the Statute of Limitations had subsequently expired on the action, a new action would be permitted by Civil Practice Act § 23 (now CPLR 205 [a]). Under proposed new rule 302, it was expressed that the dismissal was for failure to prosecute, thereby preventing the commencement of a new action on a claim that was otherwise time-barred. However, the Council noted, "although the plaintiff

would be unable to bring a new action after dismissal for failure to prosecute, he will probably have available a motion to open his default and restore the case to the calendar under section 108 of the Civil Practice Act (the predecessor to CPLR 5015)" (1942 Report at 385 [emphasis added]). The Council noted that, although section 108 set forth a one-year limitation of time within which to move, the courts had exercised their inherent discretion to vacate a default after the expiration of one year "under extraordinary circumstances" (1942 Report at 385). The Council concluded as follows:

"Under one theory or another, the net effect of an automatic dismissal rule would appear to be that within two years at the latest after a case had marked 'off' or stricken from the calendar, and within one year after the case had been dismissed, it would be legally dead and could not thereafter be resuscitated except under extraordinary circumstances" (1942 Report at 386 [emphasis added]).

On October 15, 1942, proposed rule 302 became rule 302 (2) of the Rules of Civil Practice. As amended in 1947, rule 302 (1) provided for dismissal of actions upon which the defendant had defaulted but the plaintiff had not sought a default judgment for one year. Rule 302 (2), entitled "Dismissal of abandoned cases," provided as follows:

"In the supreme court and county courts a cause hereafter marked 'off' or struck from the trial term or special term calendar or unanswered on a clerk's calendar call, and not restored within one year thereafter, shall be deemed abandoned, and the complaint and counterclaim, if any, shall be dismissed without costs for failure to *prosecute, and the clerk shall make appropriate entry to that effect pursuant to this rule without necessity of further order*." (Variance from the proposed rule indicated by highlighting.)

In 1962, rule 302 became current CPLR 3404 (L 1962, ch 308).

Based upon the above history, it is clear that the Council focused on the dismissal of the case, not the reason for the "off" marking, and anticipated that cases automatically dismissed one year after being marked off might be restored upon a showing similar to that of vacating a default pursuant to the present CPLR 5015, i.e., proof of a reasonable excuse, a meritorious action, a lack of intent to abandon the case, and a lack of prejudice to the opposing party (*see, Matter of Gambardella v Ortov Light.,* 278 AD2d 494; *Parker v City of New York,* 272 AD2d 310). According to the Council, after one year of being dismissed the case should not be revived unless the plaintiff

could show some "extraordinary circumstances." Therefore, it appears that the Council did not even consider that a plaintiff would have any burden to restore a case to the trial calendar until it had been automatically dismissed after one year. The Council's silence is consistent with this conclusion because the overriding purpose of rule 302 was to eliminate truly abandoned cases by giving the plaintiff, in a case which was not abandoned, one year to "jump start" the case. The lack of any guidance regarding the restoration of a case within the one-year period after an "off" marking caused the courts of this State to create varying standards for restoration in order to bridge a perceived gap in the law.

III. STANDARDS FOR RESTORATION

For motions to restore after the automatic dismissal pursuant to CPLR 3404, the courts, in conformity with the clearly expressed intent of the 1942 Judicial Council, have required a showing essentially identical to that needed to vacate a default, i.e., the plaintiff must demonstrate (1) a reasonable excuse for the failure to timely restore; (2) a meritorious cause of action; (3) a lack of intent to abandon the matter; and (4) a lack of prejudice to the opposing party (*see, Yousian v New York Med. Ctr. Hosp.,* 277 AD2d 449; *Cruz v Volkswagen of Am.,* 277 AD2d 340; *McCarthy v Bagner,* 271 AD2d 509). The courts have not, however, given effect to the Council's intent that motions to restore made more than one year after a case has been dismissed pursuant to the rule be denied in the absence of "extraordinary circumstances" (*see, Enax v New York Tel. Co.,* 280 AD2d 294; *Cippitelli v Town of Niskayuna,* 277 AD2d 540; *Nisselson v Hercules Constr. Corp.,* 269 AD2d 507; *Monahan v Fiore,* 71 AD2d 914; *Cichorek v Cosgrove,* 47 AD2d 883).

Instead, some courts have created criteria focusing on the reason for the "off" marking in determining what the plaintiff must demonstrate in order to have the case restored to the trial calendar prior to the automatic dismissal. Thus, there are cases from this Court and other Departments holding that the plaintiff's burden is the same whether the motion is made before or after the automatic dismissal (*see, Buckheit v Gerber Prods. Co.,* 276 AD2d 734; *Rose v Kagan & Clinton,* 274 AD2d 510; *Lupoli v Venus Labs.,* 264 AD2d 820). The genesis of this rule appears to be this Court's decision in *Balducci v Jason* (133 AD2d 436). In *Balducci,* this Court, citing Uniform Rules for Trial Courts (22 NYCRR) § 202.21 (f), equated the restoration of a case marked "off" pursuant to CPLR 3404 to a case in which the plaintiff was seeking to reinstate a note of issue after it had been vacated. The decision further states that

"[s]ince a case, as a general rule, is marked off the calendar or a note of issue stricken because of an act or omission in the nature of a default * * * the standard for restoring the action to the [trial] calendar is essentially the same as the standard for setting aside a default judgment" (*Balducci v Jason, supra,* at 437).

This reasoning is flawed for two reasons. First, Uniform Rules for Trial Courts (22 NYCRR) § 202.21 (f) does not apply to cases marked "off" pursuant to CPLR 3404. The court rule specifically states:

"(f) Reinstatement of a Note of Issue.

"Motions to reinstate notes of issue vacated pursuant to this section shall be supported by a proper and sufficient certificate of readiness and by an affidavit by a person having first-hand knowledge showing that there is merit to the action, satisfactorily showing the reasons for the acts or omissions which led to the note of issue being vacated, stating meritorious reasons for its reinstatement and showing that the case is presently ready for trial."

Uniform Rules for Trial Courts (22 NYCRR) § 202.21 (e) sets forth a very specific procedure for vacating a note of issue. Within 20 days after service of a note of issue and certificate of readiness a party can move to vacate the note of issue upon a showing that the certificate of readiness is incorrect in some material way. Additionally, the court can at any time, on its own motion, vacate a note of issue if it appears that a material fact in the certificate of readiness is incorrect. A case marked off pursuant to CPLR 3404 does not automatically result in the vacatur of the note of issue. Indeed, if vacatur was automatic under CPLR 3404, there would be no need for a separate court rule authorizing the court to vacate the note of issue *sua sponte.* Further, the *Balducci* decision relied upon a series of cases which were decided prior to the 1984 revision of the court rules. Under the old court rules, 22 NYCRR 675.5 (b) provided: "Motions to restore actions struck from any calendar shall be supported by a proper statement of readiness * * * and by affidavits showing: (1) the merit of the action; (2) the reasons for the acts or omissions wherefor it was struck from the calendar; and (3) good cause why it should be restored" (*see, Marabella v Lundy,* 60 NY2d 581; *Wulster v Rubinstein,* 126 AD2d 545; *Rothenberg v Parkway Exterminating Co.,* 90 AD2d 497). Accordingly, *Balducci,* and its progeny, were consistent with the

old court rules but not with the current Uniform Rules for Trial Courts (22 NYCRR) § 202.21 (f) and should no longer be followed.

Second, if the plaintiff has the same burden before his or her case is dismissed as after the automatic dismissal, then there is no reason to have the one-year period from the date of the "off" marking and the automatic dismissal. This was clearly not the intention underlying rule 302 which eventually became CPLR 3404.

Apparently in recognition of the harsh results *Balducci* created, the courts have attempted to fashion a lesser standard for restoration if the reason for the CPLR 3404 "off" marking was not in the "nature of a default." The result has been increased motion practice and inconsistent and cumbersome attempts to determine what should be considered "in the nature of a default" and exactly what the plaintiff must demonstrate to restore the action to the trial calendar (*see, Frongillo v Action Diagnostic Ctr.*, 277 AD2d 200; *Incanno v Sparacio*, 269 AD2d 497; *Electronic Servs. Intl. v Silvers*, 260 AD2d 533; *Markarian v Hundert*, 242 AD2d 263; *Holbrook v United Hosp. Med. Ctr.*, 239 AD2d 317; *Maharaj v Farkas*, 220 AD2d 391; *Autex, Inc. v Rubio*, 174 AD2d 594; *Butler v St. John's Episcopal Hosp.*, 173 AD2d 755). Those decisions are also based, in part, upon the improper application of Uniform Rules for Trial Courts (22 NYCRR) § 202.21 (f). As such, they also should no longer be followed.

IV. ANALYSIS

Under current calendar management rules, the trial courts have essentially four options when a case is called for trial and one or more of the parties fails to appear or for some reason is unable to proceed. The trial court has the discretion to (1) adjourn the trial to another date, (2) mark the case "off" or strike it from the calendar pursuant to CPLR 3404, (3) vacate the note of issue pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 202.21 (e), or (4) dismiss the complaint or strike the answer pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 202.27. By focusing on the action taken upon the trial calendar default rather than the reason for the "off" marking, motions for restoration will be minimized and confusion as to the standard for restoration clarified. In this way, the conscientious trial court has the discretion to take the appropriate action, mindful of the obstacles that the plaintiff will incur in attempting to restore the case to the calendar. There will be no need, on a subsequent motion to restore, to decipher whether the reason for the "off" marking was "in the nature of a

default."

For example, if the case is adjourned, then obviously the trial court has chosen the least drastic course of action without any consequences to the dilatory party. If the court chooses to mark the case "off" or strike it from the trial calendar pursuant to CPLR 3404 then the court has given the dilatory party one year within which to restore the action without any obstacles to hurdle, but the specter of automatic dismissal and its attendant difficulties in restoration, i.e., proof necessary to vacate a default, takes effect after one year. If the court chooses to vacate the note of issue, the certificate of readiness must be incorrect in some material way. The basis for vacatur cannot be that the plaintiff failed to appear or for some other reason is unable to proceed. If the court chooses the most drastic action, dismissal of the complaint or striking of the answer pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 202.27, then the court has essentially speeded up the process and has forced the moving party to demonstrate the more stringent standard for restoration, i.e., proof necessary to vacate a default.

This approach fulfills the overall purpose of the Individual Assignment System (IAS) to give trial judges greater control over their cases and to move cases to disposition more expeditiously (*see, Lopez v Imperial Delivery Serv., supra*). We are cognizant that our holding could result in a dilatory plaintiff taking advantage of the trial court's reluctance to dismiss the case upon default in appearing for the trial calendar call. However, the trial court's discretion is paramount and it alone has the ability to appropriately dispose of cases appearing on the trial calendar. We are not advocating that dismissals on default pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 202.27 should increase. Nevertheless, a default should be treated consistently with what it is, a serious failure to recognize the importance of the orderly disposition of cases. In situations where all parties appear but further discovery is needed, use of Uniform Rules for Trial Courts (22 NYCRR) § 202.21 (d) and (e) (*see, Audiovox Corp. v Benyamini,* 265 AD2d 135) or CPLR 3404 may be more appropriate. Consequently, when the trial court is faced with a situation which is "in the nature of a default," CPLR 3404 should be used sparingly and certainly not in a multiple default situation. Just as multiple adjournments favor dilatory litigants, so does successive use of CPLR 3404.

V. APPLICATION TO THIS CASE

Based upon the above analysis, the resolution of the present case is simple. Because the trial court, in its discretion, elected

to mark the case "off" the trial calendar rather than dismiss the action, the plaintiffs needed only to request the restoration within one year of the "off" marking. There was no obligation to demonstrate a reasonable excuse, meritorious action, lack of intent to abandon, and lack of prejudice to the defendants, or some lesser burden. This is true even though this case is almost 10 years old and appeared on the trial calendar on eight other occasions. Even without knowing what occurred on those eight previous calendar appearances, it can be safely assumed that use of CPLR 3404 was not appropriate. Nevertheless, because the trial court chose, in the proper exercise of its discretion, to utilize CPLR 3404, it set the course for easy restoration. Accordingly, the order is reversed, the plaintiffs' motion is granted, the defendants' respective cross motions are denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent with this opinion and order.

RITTER, J. (dissenting).

Since the 1950's only trial-ready cases have been permitted to be placed on the trial calendar. The focus of my dissent is that by today's ruling we are permitting the restoration of a 10-year-old medical malpractice case to the trial calendar that is not trial ready.

My colleagues in the majority construe CPLR 3404 to require the court to permit restoration of a case to the trial calendar without requiring trial readiness, provided that restoration is sought within a year from the case being marked "off." I do not believe that either the history or language of CPLR 3404 requires such a result. Thus, I would affirm the Supreme Court's exercise of its discretion in denying restoration.

Trial readiness rules, which require a statement that the case is actually trial ready as a condition of placing it on the trial calendar, were first adopted in the 1950's upon the recommendation of the Judicial Conference (see, 2nd Ann Report of NY Jud Conf [1957]). The Conference, noting the then "common and almost automatic practice of attorneys in filing trial notes of issue" when in fact there had been "little preparation, examination or exploration of the case," sought to ensure that only trial ready cases were placed on the trial calendar in order to curtail the delays and calendar breaks that inevitably resulted from last minute adjournment requests to "conduct examinations before trial, to secure bills of particulars, to make motions, [and] to discuss settlement" (2nd Ann Report of NY

Jud Conf, at 24 [1957]; *see also, Najjar v National Kinney Corp.,* 89 AD2d 845; 7 Weinstein-Korn-Miller, NY Civ Prac ¶ 3402.10). Currently, trial readiness rules are set forth in 22 NYCRR 202.21.

The multiple benefits of such rules are apparent. As the volume of trial cases continues to grow, the courts can ill afford to waste judicial resources on scheduling cases on the trial calendar for jury selection when there is no prospect of that occurring. The interplay between this long standing policy and the enforcement of CPLR 3404 is at the heart of today's decision.

In 1942, the Council recommended a new rule 302 of the Rules of Civil Practice (the predecessor to CPLR 3404) to permit "particularly the clerks in those upstate counties having a large number of moribund cases * * * to clear dead wood from the calendars" (8th Ann Report of NY Jud Council, at 384 [1942]). Those days were far removed from today's initiatives under the Individual Assignment System (hereinafter IAS), which permit the courts to deal with growing case loads by managing cases to trial readiness. Indeed, CPLR 3404 was intended to remedy a problem that should no longer exist under the IAS, i.e., abandoned cases languishing on court calendars indefinitely due to a lack of proper oversight. Further, I agree with my colleagues that CPLR 3404 has been applied in situations better addressed by the more exacting and appropriate statutes and court rules identified by the majority and in this Court's opinion in *Lopez v Imperial Delivery Serv.* (282 AD2d 190). In fact, CPLR 3404 would appear a compelling candidate for repeal, and the entire area of pretrial delay, now dealt with in a patchwork of statutes and court rules, would no doubt benefit from review and unification. However, as long as CPLR 3404 remains in force, it should be interpreted in a manner consistent with the purpose underlying the IAS, i.e., to give trial courts greater control over the cases assigned to them so that they may be moved expeditiously and fairly to resolution *(see, Lopez v Imperial Delivery Serv., supra).* I do not believe that any legitimate purpose is served by depriving a trial court of the discretion to deny a motion for restoration pursuant to CPLR 3404 if the motion is made within one year of the case having been marked "off" or struck from the trial calendar. An interpretation of CPLR 3404 which would, in effect, permit a party to obtain a one-year delay merely for the asking should not be permitted. Rather, for the restoration of the case to the trial calendar to be meaningful and appropriate, the moving

party, at a minimum, should be required to demonstrate that the case is trial ready. Further, the trial court should retain oversight and control over a case marked "off" or struck from the trial calendar and take any appropriate action to ensure that the case will be trial ready when restored, including, *inter alia,* scheduling further conferences, considering any additional motions, and issuing any appropriate orders as to further disclosure.

Here, in support of the plaintiffs' motion to restore, newly-retained counsel candidly admitted that, at the time the motion was made, he had not even read the case file. Thus, there could not have been a proper representation that the case was trial ready. Rather, all indications were to the contrary. As noted by the majority, at the time the plaintiffs' motion was denied, the case had been pending for almost 10 years and had apparently been called in by the trial assignment part on eight prior occasions before it was marked "off" to permit the plaintiffs to secure replacement counsel. Accordingly, I would find that the trial court providently exercised its discretion in denying the plaintiffs' motion for restoration and would affirm the order appealed from.

BRACKEN, P. J., and GOLDSTEIN, J., concur with FEUERSTEIN, J.; RITTER, J., dissents and votes to affirm the order in a separate opinion.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is granted, the cross motions are denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.