■ ROBERT B. ANDERSON, JR., Appellant, v HARVEY MALTZ, Respondent. [733 NYS2d 467] —In an action, *inter alia,* to recover damages for dental malpractice, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated March 1, 2001, which denied his motion to vacate an automatic dismissal pursuant to CPLR 3404, and restore the action to the trial calendar.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the dismissal is vacated, and the action is restored to the trial calendar.

In July 1999 this dental malpractice action was marked off the trial calendar pursuant to a stipulation between the parties to allow the defendant to move for leave to conduct additional discovery in the form of a further deposition, further medical examinations, and out-of-state depositions. In June 2000 the plaintiff's counsel moved to withdraw from representation of the plaintiff, and, in the same application, requested that the action be restored to the trial calendar. The defendant had not yet conducted his additional discovery, and cross-moved, *inter alia,* for the issuance of out-of-state commissions. In granting the motion of the plaintiff's counsel to withdraw, the court imposed a 60-day stay of all proceedings, including the defendant's discovery, denying without prejudice the defendant's request for commissions. The Supreme Court did not, however, address the branch of the motion of the plaintiff's former counsel which was to restore the action to the trial calendar.

Shortly after the 60-day stay expired, the action was automatically dismissed as abandoned pursuant to CPLR 3404, unbeknownst to either the plaintiff or the defendant. In the meantime, in response to the plaintiff's request that the defendant conclude discovery and proceed to trial, the defendant renewed his motion for out-of-state commissions. The Supreme Court denied the motion as academic on the ground that the action had been dismissed.

The plaintiff immediately moved to vacate the dismissal and renewed the application to restore the action to the trial calendar. Counsel noted that a prior application for the same relief remained pending and undecided.

The Supreme Court denied the motion to restore on the ground, among others, that the plaintiff failed to submit an affidavit of merit.

The plaintiff was entitled to the automatic restoration of the action to the trial calendar upon his timely initial request (*see, Basetti v Nour*, 287 AD2d 126). The Supreme Court apparently inadvertently left that request pending and undecided in its order permitting former counsel to withdraw. The plaintiff's new counsel brought that omission to the attention of the Supreme Court as soon as it became apparent to him. In view of the foregoing, the matter should have been restored to the trial calendar. Ritter, J. P., Goldstein, Friedmann, Feuerstein and Crane, JJ., concur.