■ ROBERT P. BAYON et al., Appellants, v MICHAEL NARDELLA et al., Respondents, et al., Defendant. [745 NYS2d 432] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Nassau County (DeMaro, J.), dated April 19, 2001, which denied

their motion to restore the action to the trial calendar, and (2), as limited by their brief, from so much of an order of the same court, dated October 3, 2001, as, in effect, upon granting leave to reargue, adhered to the original determination.

Ordered that the appeal from the order dated April 19, 2001, is dismissed, as that order was superseded by the order dated October 3, 2001, made upon reargument; and it is further,

Ordered that the order dated October 3, 2001, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

This action was commenced in 1990 and was marked off the trial calendar on September 22, 1997. Pursuant to CPLR 3404, the case was automatically dismissed one year later upon the plaintiffs' failure to request restoration to the trial calendar. The plaintiffs moved for restoration in June 2000, more than one year after the case was automatically dismissed. When a case has remained dismissed pursuant to CPLR 3404 for over one year, it should not be restored unless the movant can demonstrate "extraordinary circumstances" justifying restoration (see Basetti v Nour, 287 AD2d 126, 131). Here, no "extraordinary circumstances" exist. Rather, the delay in restoring the case to the calendar was due to the inattentiveness of plaintiffs' counsel.

The plaintiffs' counsel asserts that he timely requested restoration of the case on September 22, 1998—the last day before the action would be automatically dismissed pursuant to CPLR 3404—by submitting a letter to the court. While this procedure for restoration is permissible (id.), the Supreme Court, in its order denying restoration, denied ever receiving such a letter. While the plaintiffs' counsel avers that the letter was hand-delivered to the court's chambers, without more, the Supreme Court's file is determinative. In sum, there is insufficient evidence that the purported restoration letter was ever properly submitted to the court. Feuerstein, J.P., O'Brien, Townes and Cozier, JJ., concur.