■ In the Matter of CENTO PROPERTIES Co., Respondent, v ASSESSOR et al., Appellants. [898 NYS2d 159]—

In related proceedings pursuant to RPTL article 7 to review the tax assessments of the petitioner's real property for tax years 1996/1997 through 2008/2009 the appeal, as limited by the appellants' brief, is from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered July 23, 2008, as, upon granting that branch of the petitioner's motion which was for leave to reargue those branches of its prior motion which were to restore the proceeding referable to tax year 1996/1997 to the trial calendar and, in effect, to restore the other proceedings for subsequent tax years to active status, which had been determined in an order of the same court (DeMaro, J.), dated December 20, 2007, in effect, vacated the order dated December 20, 2007, and thereupon granted those branches of the petitioner's motion which were to restore.

Ordered that the order entered July 23, 2008, is affirmed insofar as appealed from, with costs.

In or around 1996, the petitioner Cento Properties Co. (hereinafter Cento) commenced a proceeding in the Supreme Court, Nassau County, against the Assessor, Board of Assessors, and the Assessment Review Commission of the County of Nassau (hereinafter collectively the County) pursuant to RPTL article 7 to review the tax assessment for tax year 1996/1997 on certain real property it owns located in Garden City (hereinafter the original proceeding). Subsequently, Cento commenced additional proceedings in the Supreme Court against the County pursuant to RPTL article 7 to review the tax assessments on the subject property for the tax years 1997/1998 through 2008/2009 (hereinafter the subsequent related proceedings).

In the interim, in or around September 1999, Cento filed a note of issue with respect to the original proceeding. Subsequently, on September 25, 2001, the original proceeding appeared on the trial calendar. On that date, pursuant to certain procedures that former Justice Leo F. McGinity had implemented years earlier in an attempt to reduce the backlog of tax certiorari proceedings on the trial calendar, the original proceeding was removed from the trial calendar so the County could obtain a preliminary appraisal, after which the parties could try to settle the matter. Thereafter, the subsequent related proceedings were marked "inactive pre-note."

Ultimately, on or about November 21, 2007, with the parties unable to reach a settlement, Cento moved to restore the original proceeding to the trial calendar and, in effect, to restore the subsequent related proceedings to active status. The County opposed restoration of both the original proceeding and the subsequent related proceedings. The Supreme Court denied the motion, after which Cento moved to reargue. Upon granting leave to reargue, the Supreme Court granted Cento's motion to restore, holding that (1) restoration of the original proceeding to the trial calendar is appropriate since Cento satisfied the four-prong test for restoring, to the trial calendar, a matter marked "off" the trial calendar pursuant to CPLR 3404 for more than one year, and (2) restoration of the subsequent related proceedings to active status is automatic because the County had failed to serve a 90-day notice pursuant to CPLR 3216. We affirm, but for different reasons.

A review of the information on the New York State Unified Court System E-Courts public website, of which we take judicial notice (*see Kingsbrook Jewish Med. Ctr. v Allstate Ins. Co.*, 61 AD3d 13, 20 [2009]), reveals that, when the original proceeding appeared on the trial calendar in 2001, the court marked the case "settled before trial." Accordingly, the original proceeding was not marked "off" or stricken from the calendar pursuant to CPLR 3404 (*see Long-Waithe v Kings Apparel Inc.*, 10 AD3d 413, 414 [2004]; *Baez v Kayantas*, 298 AD2d 416 [2002]; *Basetti v Nour*, 287 AD2d 126 [2001]). For the reasons set forth in our determination on a companion appeal (*see Matter of Transtechnology Corp. v Assessor*, 71 AD3d 1034 [2010] [decided herewith]), the Supreme Court correctly recognized that it misapprehended the law relevant to the instant dispute and, thus, correctly granted that branch of the petitioner's motion which was for leave to reargue and thereupon granted those branches of Cento's motion which were to restore the original proceeding to the trial calendar and, in effect, to restore the subsequent related proceedings to active status. Dillon, J.P., Florio, Miller and Austin, JJ., concur.