In the Matter of OAK TREE REALTY Co., LLC, Respondent, v BOARD OF ASSESSORS et al., Appellants. [896 NYS2d 884]—

In related proceedings pursuant to RPTL article 7 to review the tax assessments of the petitioner's real property for tax years 1997/1998 through 2007/2008, the appeal, as limited by the appellants' brief, is from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered July 16, 2008, as granted the petitioner's motion to restore the proceeding referable to tax year 1996/1997 to the trial calendar and, in effect, to restore the other proceedings for subsequent tax years to active status.

Ordered that the order is affirmed insofar as appealed from, with costs.

In or around 1996, the petitioner Oak Tree Realty Co., LLC (hereinafter Oak Tree), commenced a proceeding in the Supreme Court, Nassau County, against the Board of Assessors, the Assessor, and the Assessment Review Commission of the County of Nassau (hereinafter collectively the County) pursuant to RPTL article 7 to review the tax assessment for tax year 1996/1997 on certain real property it owns in Nassau County (hereinafter the original proceeding). Subsequently, Oak Tree commenced additional proceedings in the Supreme Court against the County pursuant to RPTL article 7 to review the tax assessments on the subject property for the tax years 1997/1998 through 2007/2008 (hereinafter the subsequent related proceedings).

In the interim, in or around March 2000, Oak Tree filed a note of issue with respect to the original proceeding. Subsequently, on January 23, 2002, the original proceeding appeared on the trial calendar. On that date, pursuant to certain procedures that former Justice Leo F. McGinity had implemented years earlier in an attempt to reduce the backlog of tax certiorari proceedings on the trial calendar, the original proceeding was removed from the trial calendar so that the County could obtain a preliminary appraisal, after which the parties could try to settle the matter. Thereafter, the subsequent related proceedings were marked "inactive pre-note."

Ultimately, on or about January 8, 2008, with the parties unable to reach a settlement, Oak Tree moved to restore the origi-

nal proceeding to the trial calendar and, in effect, to restore the subsequent related proceedings to active status. The County opposed the restoration of both the original proceeding and the subsequent related proceedings. The Supreme Court granted Oak Tree's motion to restore, holding that (1) restoration of the original proceeding to the trial calendar was appropriate since Oak Tree had satisfied the four-prong test for restoring, to the trial calendar, a matter marked "off" the calendar pursuant to CPLR 3404 for more than one year, and (2) restoration of the subsequent related proceedings to active status was automatic since the County failed to serve a 90-day notice pursuant to CPLR 3216. We affirm, but for different reasons.

A review of the information on the New York State Unified Court System E-Courts public Web site, of which we take judicial notice (see Kingsbrook Jewish Med. Ctr. v Allstate Ins. Co., 61 AD3d 13, 20 [2009]), reveals that when the original proceeding appeared on the trial calendar in 2002, the Supreme Court marked the case "settled before trial." Accordingly, the original proceeding was not marked "off" or stricken from the trial calendar pursuant to CPLR 3404 (see Long-Waithe v Kings Apparel Inc., 10 AD3d 413, 414 [2004]; Baez v Kayantas, 298 AD2d 416 [2002]; Basetti v Nour, 287 AD2d 126 [2001]). For the reasons set forth in our determination on a companion appeal (see Matter of Transtechnology Corp. v Assessor, 71 AD3d 1034 [2010] [decided herewith]), the Supreme Court correctly granted Oak Tree's motion to restore the original proceeding to the trial calendar and, in effect, to restore the subsequent related proceedings to active status. Dillon, J.P., Florio, Miller and Austin, JJ., concur.