■ In the Matter of TRANSTECHNOLOGY CORP., Respondent, v ASSESSOR et al., Appellants. [897 NYS2d 494]—

In related proceedings pursuant to RPTL article 7 to review the tax assessments of the petitioner's real property for tax years 1996/1997 through 2007/2008, the appeal, as limited by the appellants' brief, is from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered July 9, 2008, as granted those branches of the petitioner's motion which were to restore the proceeding referable to tax year 1996/1997 to the trial calendar and, in effect, to restore the other proceedings for subsequent tax years to active status.

Ordered that the order is affirmed insofar as appealed from, with costs.

In April 1996 the petitioner Transtechnology Corp. (hereinafter Transtechnology) commenced a proceeding in the Supreme Court, Nassau County, against the Assessor, Board of Assessors, and the Assessment Review Commission of the County of Nassau (hereinafter collectively the County) pursuant to RPTL article 7 to review the tax assessment for tax year 1996/1997 on certain real property it owns in Glen Head (hereinafter the original proceeding). Subsequently, Transtechnology commenced additional proceedings in the Supreme Court against the County pursuant to RPTL article 7 to review the tax assessments on the subject property for the tax years 1997/1998 through 2007/ 2008 (hereinafter the subsequent related proceedings).

In the interim, in or around October 1997, Transtechnology filed a note of issue with respect to the original proceeding. Subsequently, on August 25, 1999, the original proceeding appeared on the trial calendar. On that date, pursuant to certain procedures that former Justice Leo F. McGinity had implemented years earlier in an attempt to reduce the backlog of tax certiorari proceedings on the trial calendar, the original proceeding was removed from the trial calendar so that the County could obtain a preliminary appraisal, after which the parties could try to settle the matter. Thereafter, the subsequent related proceedings were marked "inactive pre-note."

Ultimately, on or about April 3, 2008, with the parties unable to reach a settlement, Transtechnology moved, inter alia, to restore the original proceeding to the trial calendar and, in effect, to restore the subsequent related proceedings to active status. The County opposed the restoration of both the original proceeding and the subsequent related proceedings. The

Supreme Court granted Transtechnology's motion, holding that (1) restoration of the original proceeding to the trial calendar was appropriate since Transtechnology satisfied the four-prong test for restoring, to the trial calendar, a matter marked "off" the trial calendar pursuant to CPLR 3404 for more than one year, and (2) restoration of the subsequent related proceedings to active status was automatic since the County failed to serve a 90-day notice pursuant to CPLR 3216. We affirm, but for different reasons.

With respect to that branch of Transtechnology's motion which was to restore the original proceeding to the trial calendar, pursuant to CPLR 3404, "[a] case in the supreme court . . . marked 'off' or struck from the calendar or unanswered on a clerk's calendar call, and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute" (CPLR 3404). Thus, "[a] plaintiff seeking to restore a case to the trial calendar *after it has been dismissed pursuant to CPLR 3404* must demonstrate a meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the defendant" (*Krichmar v Queens Med. Imaging, P.C.*, 26 AD3d 417, 418 [2006] [emphasis added]).

Here, the crux of the appeal insofar as it relates to the original proceeding is whether the original proceeding was, in fact, marked "off" or stricken from the trial calendar pursuant to CPLR 3404, thus requiring Transtechnology to submit proof necessary to vacate a default in order to have the original proceeding restored to the trial calendar. Notably, both before the Supreme Court and in their respective appellate briefs, the parties, in describing the removal of the original proceeding from the trial calendar, loosely and interchangeably refer to the original proceeding as having been marked "off" or marked "off/settled." In *Basetti v Nour* (287 AD2d 126 [2001]) this Court held that, in order to minimize confusion as to the appropriate standard for resolution of a motion to restore a case to the trial calendar, the focus should be on the specific action taken by the trial court when the case appeared on the calendar, and not on the circumstances surrounding the removal (*Basetti v Nour*, 287 AD2d at 133). Thus, the parties' focus on the circumstances surrounding the removal of the original proceeding from the trial calendar is misplaced. Here, a review of the information on the New York State Unified Court System E-Courts public Web site, of which we take judicial notice (*see Kingsbrook Jewish Med. Ctr. v Allstate Ins. Co.*, 61 AD3d 13, 20 [2009]),

reveals that when the original proceeding appeared on the trial calendar in 1999, the Supreme Court marked the case "adjourned." Accordingly, the original proceeding was not marked "off" or stricken from the trial calendar pursuant to CPLR 3404 (*see Basetti v Nour*, 287 AD2d at 134; *see generally Barbu v Savescu*, 49 AD3d 678 [2008]). Thus, contrary to the County's claim, the original proceeding was not subject to automatic dismissal pursuant to that statute, and Transtechnology was not required to submit proof necessary to vacate a default in order to have the original proceeding restored to the trial calendar (*see Basetti v Nour*, 287 AD2d at 134; *see also Krichmar v Queens Med. Imaging, P.C.*, 26 AD3d at 419). Rather, restoration of the original proceeding was automatic upon Transtechnology's motion to restore (*see Basetti v Nour*, 287 AD2d at 134).

Although the County referred the Supreme Court to an unwritten understanding that a petitioner would move to restore a tax certiorari proceeding removed from the trial calendar pursuant to Justice McGinity's procedures within three years of the removal, there is nothing in the record delineating the precise details of any such agreement. Certainly, there is nothing in the record reflecting that if a petitioner did not seek to restore its tax certiorari proceeding within three years, that petitioner either would be barred from seeking to restore the proceeding to the trial calendar, or would be required to submit proof necessary to vacate a default in order to have the proceeding restored to the trial calendar.

With respect to that branch of Transtechnology's motion which was, in effect, to restore the subsequent related proceedings to active status, we note that each of those proceedings are in pre-note of issue status. Thus, contrary to the County's contention, CPLR 3404 is inapplicable to the subsequent related proceedings as well (*see Andre v Bonetto Realty Corp.*, 32 AD3d 973, 974 [2006]), since the subsequent related proceedings could not possibly have been marked "off" or stricken from the trial calendar. Accordingly, the subsequent related proceedings were not subject to automatic dismissal pursuant to that statute, and Transtechnology was not required to submit proof necessary to vacate a default in order to have the subsequent related proceedings restored to active status (*id.* at 975).

As the Supreme Court correctly noted, want of prosecution in a pre-note of issue case generally is governed by CPLR 3216, which requires service of a 90-day notice demanding the filing of a note of issue before a court may dismiss such a case on that ground (*see* CPLR 3216). Accordingly, in most situations where

there was no service of a 90-day notice pursuant to CPLR 3216, restoration to active status of a pre-note of issue matter marked "inactive" is automatic (*see Andre v Bonetto Realty Corp.*, 32 AD3d at 975). Nonetheless, consideration of the County's failure to serve a 90-day notice in accordance with CPLR 3216 is not necessary to the determination of that branch of Transtechnology's motion which was, in effect, to restore the subsequent related proceedings to active status since want of prosecution in a pre-note of issue tax certiorari proceeding is governed by RPTL 718, which does not require service of such a 90-day notice before a case is deemed to have been abandoned and dismissed (*see* RPTL 718).

Nonetheless, despite its incorrect reliance upon CPLR 3216, the Supreme Court properly granted that branch of Transtechnology's motion which was, in effect, to restore the subsequent related proceedings to active status. Although RPTL 718 provides that a tax certiorari proceeding shall be deemed to have been abandoned, and shall be dismissed unless a note of issue is filed and the proceeding is placed on the court calendar within four years from the last date provided by law for the commencement of the proceeding, RPTL 718 also permits the parties to the proceeding to extend the time for filing a note of issue by stipulation (*see* RPTL 718 [1]; *see also Matter of Waldbaum's #122 v Board of Assessors of City of Mount Vernon*, 58 NY2d 818, 819 [1983]). Here, Transtechnology and the County entered into a stipulation pursuant to which, inter alia, Transtechnology obligated itself to provide the County with an additional proposed stipulation consolidating all pending tax certiorari proceedings involving the same real property within 30 days after the original proceeding is placed on the trial calendar. The stipulation further provides that Transtechnology shall not be required to file any additional notes of issue for the subsequent related proceedings until the time it is required to furnish the proposed stipulation of consolidation, provided that such notes of issue are required for the issuance of an order of consolidation. By virtue of the fact that the original proceeding was removed from the trial calendar, Transtechnology was, at the time it moved to restore, not yet obligated to file a note of issue for each of the subsequent related proceedings. Accordingly, restoration of the subsequent related proceedings to active status was automatic upon Transtechnology's motion to restore (*see generally 123X Corp. v McKenzie*, 7 AD3d 769, 770 [2004]).

Accordingly, the Supreme Court properly granted those branches of Transtechnology's motion which were to restore the

original proceeding to the trial calendar and, in effect, to restore the subsequent related proceedings to active status. Dillon, J.P., Florio, Miller and Austin, JJ., concur. **[Prior Case History: 21 Misc 3d 215.]**