Reigo Securitization Sponsor 2021-1, LLC v Northwind Fin. Corp. (2025 NY Slip Op 50239(U))

[*1]

Reigo Securitization Sponsor 2021-1, LLC v Northwind Fin. Corp.

2025 NY Slip Op 50239(U)

Decided on February 25, 2025

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 25, 2025
Supreme Court, New York County

Reigo Securitization Sponsor 2021-1, LLC, Plaintiff,

against
Northwind Financial Corporation, NORTHWIND MANAGEMENT SERVICES, LLC, GIFFORD CHIP CUMMINGS, JR, LISA M. CUMMINGS, Defendant.

Index No. 651686/2023

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 006) 95, 96, 97, 98, 99, 100 were read on this motion for JUDGMENT - DEFAULT.
In this breach of contract and conversion action, plaintiff alleges that defendants misappropriated and/or converted funds invested by plaintiff in "Dutch interest" mortgage loans. Between August of 2021 and December of 2022, plaintiff allegedly purchased from defendant Northwind Financial Corporation (Northwind Financial) twenty-four (24) mortgage loans, with a total principal value of $48,164,750. Plaintiff retained Northwind Management Services LLC (Northwind Management), an affiliate of Northwind Financial, to service each of those mortgage loans (First Amended Complaint, NYSCEF doc. no. 52, para. 2). Upon purchasing each individual mortgage loan from Northwind Financial, plaintiff advanced the monies necessary to fully fund the loan to the Northwind Defendants for safekeeping and future distribution to borrowers for draw requests on the underlying mortgage loans (id. at 6).
It is alleged that the Northwind defendants did not properly service and administer the loans and instead, at the behest of the Cummings defendants, misappropriated the funds by depositing them into accounts at J.P. Morgan Chase Bank and PNC Bank under the Cummings defendants' exclusive dominion and control. It is asserted that the Northwind defendants' malfeasance permitted the Cummings defendants to misappropriate, steal and/or convert to their own use and benefit several million dollars in undistributed loan proceeds (id. at 7-8).
In motion sequence 004, counsel for the Northwind defendants withdrew, citing a "breakdown in the attorney/client relationship" (NYSCEF doc. no. 71, para. 10). This court granted counsel's request and directed defendants to obtain new counsel and appear for a status conference (NYSCEF doc. no. 90). Following the issuance of the court order granting former counsel's withdrawal, four (4) court conferences have been held, and to date, the Northwind defendants have not appeared by counsel.
In motion sequence 006, plaintiff moves for a default judgment against the Northwind defendants. Pursuant to CPLR 321, corporate defendants must be represented by counsel, and the failure to retain counsel is grounds for entry of default judgment. Plaintiff submits that a default order here is appropriate, for Northwind's failure to comply with the orders of this court to appear by counsel. No opposition to the motion was filed.
Under the Uniform Rule for Trial Courts, at any scheduled conference, if all parties do not appear and proceed or announce their readiness to proceed immediately or subject to the engagement of counsel, the court may note the default and enter an order granting judgment by default or order an inquest (22 NYRR 202.07 [a]). This rule vests the court with the discretion to decide what remedy to employ for a party's failure to appear, which includes striking the answer of a defaulting defendant (Basetti v Nour, 287 AD2d 126, 133 [2d Dept 2001][the trial courts have essentially four options when a case is called for trial and one or more of the parties fails to appear or for some reason is unable to proceed; the trial court has the discretion to (1) the trial to another date, (2) mark the case "off" or strike it from the calendar pursuant to CPLR 3404, (3) vacate the note of issue pursuant to Uniform Rules for Trial Courts (22 NYCRR 202.21[e] ), or (4) dismiss the complaint or strike the answer pursuant to Uniform Rules for Trial Courts (22 NYCRR 202.27)]).
Here, following the withdrawal of prior counsel, the Northwind defendants were granted a thirty-day stay of all proceedings against them and were directed to appear by new counsel on August 20, 2024 (NYSCEF doc. no. 90). A compliance conference was held on August 20, 2024, and the Northwind defendants failed to appear (NYSCEF doc. no. 103). Thereafter, status conferences were held on October 1, 2024, December 19, 2024 and February 25, 2025. The Northwind defendants did not appear on any of the aforementioned dates (NYSCEF doc. nos. 105, 109).
Accordingly, the Northwind defendants having failed, without reasonable excuse, to appear at multiple court-ordered conferences and to date, having failed and refused to produce documents and a witness for deposition as directed by the previous order of this Court (NYSCEF doc. no. 19), it is hereby
ORDERED that, pursuant to Uniform Rule 202.27, defendants Northwind Financial Corporation and Northwind Management Services LLC are in default and the answer of the Northwind defendants and all asserted counterclaims is hereby stricken (NYSCEF doc. no. 64); and it is further
ORDERED that this action is severed and shall continue against defendants Gifford Chip Cummings, Jr. and Lisa M. Cummings; and it is further
ORDERED that the assessment of damages, as against the Northwind defendants, is reserved and an inquest shall be completed at the time of trial with the remaining defendants.
DATE February 25, 2025
ROBERT R. REED, J.S.C.