EDMUND GLUECK and MORTIMER DE GROOT, Copartners, Doing Business under the Firm Name of GLUECK & DE GROOT, Respondents, *v.* SAMUEL P. TULL, Appellant.

First Department, May 28, 1920.

**Judgments — by default — failure to answer call of calendar due to negligence of attorney's clerk — opening default — terms.**

Where the failure of an attorney for the defendant to answer the call of the calendar on behalf of his client, which resulted in judgment for the plaintiff, was caused entirely by the negligence of the attorney's clerk and there was no willful default, the court, while properly *imposing* the payment of costs and disbursements as a condition for opening the default, should not require the defendant to stipulate to try the issues before a referee which would deprive the defendant of the right to trial by jury, and especially so where the defendant has given a bond to secure the payment of judgment which may be recovered by the plaintiff.

APPEAL by the defendant, Samuel P. Tull, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 20th day of April, 1920, vacating a judgment and opening the defendant's default as requires the defendant to stipulate that he will consent to a reference and requiring the defendant to pay to plaintiffs the costs of the action to the date of the order.

*Harry E. Herman* of counsel [*A. O. Ernst* with him on the brief; *Herman & Ernst*, attorneys], for the appellant.

*Leo G. Rose*, for the respondents.

PER CURIAM:

The failure to answer the call of the calendar on behalf of the defendant, which resulted in a judgment in favor of the plaintiff, was caused by negligence of the clerks of the defendant's attorneys, and was not a willful default of the defendant. When the defendant's attorneys requested the plaintiffs' attorneys to open the default most onerous and unconscionable terms were sought to be imposed. Upon granting the defendant's motion the court imposed these terms:

That the defendant should pay the costs of the action, give a bond for the payment of any judgment which plaintiffs might eventually recover against the defendant, and within five days after the entry of the order file and serve his consent to try the issues forthwith before a referee to be appointed by the court. The defendant does not object to giving a bond to secure the payment of a judgment to be recovered. We see no reason because of the fact that an attorney has negligently suffered a default judgment to be taken, why the client should be deprived of the right to a trial of his case by a jury and be burdened with the expenses of a reference. The plaintiffs have been put to expense and delayed in the trial of the action; justice requires that they be indemnified by payment of their costs and disbursements. (*Girards* v. *Rosencrans*, 157 App. Div. 326.)

The order appealed from will be modified by striking therefrom subdivision 3, which requires a stipulation to try the issues before a referee, and inserting in lieu thereof that the case be restored to the trial calendar and may be placed upon the day calendar for trial on two days' notice, with ten dollars costs and disbursements to the appellant.

CLARKE, P. J., LAUGHLIN, DOWLING, PAGE and GREENBAUM, JJ., concur.

Order modified as indicated in opinion, and as so modified affirmed, with ten dollars costs and disbursements to appellant.