MILDRED FINGERMAN, an Infant, by OSCAR FINGERMAN, Her Guardian ad Litem, Respondent, v. MINNIE KREISMAN, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ.

MARGARET FOX, Respondent, v. GEORGE LEONARD FOX, Appellant.— Order reversed on the law, without costs, and motion denied, without costs. The judgment of divorce herein severed the relationship of husband and wife, and the order under review, awarding counsel fee to the plaintiff in resisting the husband's appeal from an order denying his motion to amend the final decree by reducing the alimony, does not come within the statutory provisions relating to counsel fees. (Civ. Prac. Act, § 1169.) Nor had the court inherent jurisdiction to grant such relief. (Lake v. Lake, 194 N. Y. 179.) Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.

JOSEPH FRIEDLAND, Respondent, v. FANNY FRIEDLAND, Appellant.— Order modified by eliminating therefrom the following: " on condition that the defendant herein waive a trial by jury, otherwise motion denied," and as so modified affirmed, in so far as appealed from, with ten dollars costs and disbursements to the appellant. Upon the facts in this case the defendant was entitled as a matter of right to have her default opened. Therefore, the court abused its discretion in imposing conditions, and particularly the condition that the defendant waive her right to have the issue of adultery tried by a jury. (See Glueck v. Tull, 192 App. Div. 81.) Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.

EDWARD A. HAMMER, Respondent, v. WILLIAM P. McGARRY COMPANY, Appellant.— Judgment unanimously affirmed, with costs. There was no variance between the complaint and the proof. That which is claimed to be a variance was matter that was properly adduced under the complaint by way of showing dealings between the parties that recognized the existence of the claimed contract of October 17, 1930; that is, the incidents of October 31 and December 26, 1930, were admissions which could be availed of by the plaintiff on the basis indicated. The claimed obligation to await the payment of part of the weekly salary until a specified payment was had by defendant from the Port Authority was not binding upon the plaintiff, and if it were, the repudiation by defendant on February 26, 1932, of the plaintiff's version of the contract of October 17, 1930, relieved him from awaiting the date of the final payment to the defendant from the Port Authority, as that repudiation was a breach which gave rise to a right in the plaintiff, under the doctrine of anticipatory breach, to enforce his claimed contract forthwith. (Kelly v. Security Mutual Life Ins. Co., 186 N. Y. 16, 19; Howard v. Daly, 61 id. 362.) Present — Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ.