Samuel J. Silverman, J.
This is a motion by .plaintiff to restore this case to the trial calendar and vacate a dismissal.
The action was begun in 1964. After a jury trial and verdict for plaintiff on the issue of liability, the Appellate Division revers >d and ordered a new trial on November 20,1970 (Lusardi v. Regency Joint Venture, 35 A D 2d 264). The retrial has not yet taken place, although three years have elapsed.
The reasons for the delay are not all clear to me. I have seen a notation by one Judge of this court in January, 1973: “ Court advised attorneys case must be tried — been delayed too long and no further adjournments. Final!! ”
In May, 1973, this case was assigned to Part 23, a Protracted Trial Part in which I presided. I informed counsel that the order of trial of the cases in this part would be (1) an accountant’s malpractice case then on trial; (2) a certain brokerage commission case; and (3) this case. As it happened, because of the protracted nature of the cases, and the summer halt in civil trials, the brokerage commission case did not finish until September 25, 1973, by which time I was on the second day of my Special Term Part I assignment.
Counsel in this case were directed to be ready for trial immediately on completion of my Special Term Parts I, II and III assignments — October 15, or, as it turned out, October 9. Counsel for plaintiff stated that an important witness would be away for 2 weeks from October 9, and I tried to and did get two cases to occupy my part during those two weeks, but plaintiff’s counsel was directed to be ready following those cases and not to take any engagements inconsistent therewith. This admonition was given again on October 18, 1973. At that time plaintiff’s attorney was not actually engaged in another trial.
On October 25, 1973, the other cases had been disposed of and this case was .called for trial pursuant to telephone calls two days before. Plaintiff’s trial counsel was then engaged before another Justice; he said the other Justice would not adjourn the case before him, and no one else in his office would *35 try either the case before me or the case before the other Justice. Having previously warned counsel in advance that I would not recognize future engagements, I thereupon directed counsel’s representative to select a jury and when this was declined, I dismissed the case.
This is a Protracted Trial Part. It. has no reservoir of cases ready for trial. Under the rules governing the Protracted Trial Parts, each .such part is to have no more than two cases in the part at any time — the case on trial and the case to follow it. It is not usually possible to call such a case in for trial on a few hours’ notice without previous warning.
It is essential that counsel in cases in this part be ready and available when reached. Otherwise either the part stands empty for some days, or the court must scramble among the I. 0. Parts for some short cases. In either event, the part is impeded in its function of disposing of protracted and usually long delayed trials.
The case is a serious one, involving death to one person and injuries to three other persons. There has already been one verdict for plaintiffs, which is a sufficient assurance that the case is not without merit.
The interests of justice require that the plaintiffs have an opportunity to prove their case.
But the administration of the courts requires that the vacating of the dismissal be on terms which .shall recognize the seriousness of failure of counsel to be available when the case is reached for trial, due to counsel’s taking a conflicting engagement during the trial of the immediately preceding case after due warning.
As defendants’ attorneys joined in plaintiffs’ application for adjournment, it is inappropriate to condition the vacatur on any payment to defendants.
For two days the courtroom of Part 23 was unused (though I must say that personally I was grateful for the opportunity to catch up on other work in chambers). The City of New York maintains the courtroom, and pays the salaries of clerk, court officer and stenographer assigned to the part. The motion to restore the case to the calendar and vacate the dismissal is granted on condition that plaintiffs’ attorney pay to the County Clerk for the benefit of the City of New York the sum of $500. (Plaintiffs’ attorney requested that any sanction be imposed on the attorney rather than the client.)