■ Norfolk & Dedham Mutual Insurance Company, as Subrogee of Sal Caiola, Appellant, v Lightening Electric Corp. et al., Respondents.—Orders, Supreme Court, New York County (Robert E. White, J.), entered May 20, 1991 and June 5, 1991, which, *inter alia,* granted plaintiff's motion to restore the action to the trial calendar on condition counsel for plaintiff pay to the firm of Shea & Gould $9,815.55 and the firm of Bigham, Englar, Jones & Houston $3,405 representing costs and expenses, unanimously affirmed, without costs.

In the instant matter, we find no abuse of discretion or error as a matter of law in the imposition of costs and expenses upon counsel for the plaintiff, nor do we find them to be excessive. Jury selection was conducted during the course of five business days over a two week period. Plaintiff's law firm had competent trial counsel present, and he repeatedly represented to the court that he would try the case. The jury

was empanelled and a firm date set: the parties voiced no objections and witnesses were subpoenaed at plaintiff's behest.

On the trial date, the court was advised that another attorney from plaintiff's law firm would be trying the case but that he was attending to other business until 2:00 P.M., no prior proper notification thereof having been given to either the court or opposing counsel nor any affidavit of actual engagement being submitted. Having subjected opposing counsel to unwarranted and unnecessary expenses, the court properly awarded defense counsel partial reimbursement as a condition of excusing the willful default *(Glueck v Tull,* 192 App Div 81). Concur—Sullivan, J. P., Rosenberger, Ellerin, Asch and Rubin, JJ.