Hood v City of New York (2004 NY Slip Op 24233)

Hood v City of New York

2004 NY Slip Op 24233 [4 Misc 3d 627]

June 25, 2004

Supreme Court, Bronx County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, September 15, 2004

[*1]
Peter Hood, Plaintiff,
v
City of New York, Defendant.
Supreme Court, Bronx County, June 25, 2004

APPEARANCES OF COUNSEL

Segal & Lax, New York City (Emil Lax of counsel), for plaintiff.

{**4 Misc 3d at 628} OPINION OF THE COURT

Paul A. Victor, J.

Relief Requested

Counsel for plaintiff moves to restore this action to the trial calendar after it was marked "off" on the call of the trial-ready calendar, despite the submission, on counsel's behalf, of an affidavit of actual engagement.

Issues Presented

1. Upon the call of the calendar for trial-ready cases, must the court grant an adjournment on the presentation of an affidavit of actual engagement which states that the attorney is on trial; and
2. Must the court, on a motion made within one year of the marking "off" of the action from the trial calendar, grant restoration "automatically"? If the answer to that question is "yes," may the court grant conditions in connection with the order granting restoration?

Relevant Background

This is one of the oldest cases presently pending in the City Part in Supreme Court, Bronx County. The plaintiff filed a note of issue and statement of readiness in December 1998. After numerous unsuccessful attempts to settle this action, the case was scheduled for trial on February 5, 2003.[FN*] 

On that date, at the request of the parties, the case was rescheduled for trial on April 21, [*2]2003, and, thereafter, adjourned to May 30, 2003 for a final attempt at settlement. On May 30, 2003, plaintiff's attorneys failed to appear, and the court advised the clerk to notify plaintiff's counsel by both mail and telephone that sanctions might be imposed if they failed to appear on the next scheduled final conference datei.e., June 13, 2003. Counsel again failed to appear on June 13, 2003, claiming that they did not receive the mailed or telephonic notices, and the final conference date was rescheduled for June 20, 2003. When a settlement was not achieved on that date, this case was (again) scheduled for trial{**4 Misc 3d at 629} assignment on September 8, 2003. On that date, trial counsel for plaintiff (who is an associate in the law firm which is the attorney of record for plaintiff) failed to personally appear, and, instead, via one of the firm's partners (who was also not prepared to try the case) submitted an affidavit of actual engagement, which stated, in relevant part:
"I make this affirmation in support of plaintiff's application to adjourn this case until a date convenient for the court; plaintiff requests that the court not adjourn this matter to anytime between November 3, 2003 and December 6, 2003 as Dr. Norris will be in Vietnam. I, who am to try this case, am presently actually engaged in the trial of Gueye v American Forest Products, 41278 BCV 1999, in Civil Court."
In any event, based, among other things, upon counsel's failure to appear on September 8, 2003 (i.e., the firm trial date scheduled almost three months earlier), the court struck this case from the trial calendar, despite the submission of an affirmation of the aforesaid engagement.
It should also be noted that this court discovered, from communication with the Civil Court of the City of New York, that plaintiff's counsel was sent out to select a jury in Civil Court on September 3, 2003, that the trial in Civil Court was bifurcated, and that it resulted in a defendant's verdict on September 8, 2003the very day counsel failed to appear before me. Assuming the accuracy of this information, had counsel communicated fully with the court, instead of cavalierly submitting an affirmation of engagement, via another attorney, this case could likely have been marked "ready and passed" to the following day for jury selection. Moreover, even if the Civil Court had been ongoing, the engagement of this particular associate did not excuse the plaintiff's failure to proceed to trial in Supreme Court on September 8, as is more fully discussed below.
Plaintiff now moves to restore the case to the trial calendar.
Clearly, restoration to the calendar is "automatic" pursuant to CPLR 3404 if made within the one-year time limitation. (Brannigan v Board of Educ., 307 AD2d 945, 946 [2d Dept 2003] ["(i)t is well settled that a plaintiff seeking to restore a case within one year of it being marked off the calendar need not demonstrate a reasonable excuse, a meritorious action, lack of intent to abandon, and a lack of prejudice to the defendants . . . Supreme Court chose option two, which allowed automatic restoration {**4 Misc 3d at 630}within one year"]; Basetti v Nour, 287 AD2d 126 [2d Dept 2001].) This, however, does not end the present inquiry.
The initial maxim that must guide trial counsel is that applications for adjournment are addressed to the sound discretion of the court. In our modern court system, the court's role is proactivecases are no longer permitted to languish on the trial calendar without the court's active [*3]involvement in attempting to either settle or move those cases to trial. The court is mindful that, given the schedules of counsel, the obligations of other cases, the availability of parties and witnesses, and other relevant considerations, a case may not always be sent to trial on the date originally scheduled by the court. However, this possibility does not mean that attorneys are free to ignore the specific directions of the court.
This court is sensitive to the fact that there will be times when counsel cannot appear due to emergencies, unforeseen circumstances, or even other engagements. However, we do expect counsel to communicate with the court in advance of the trial date so that an appropriate remedy can be fashioned for the particular circumstances presented. This is especially important in the City Part, since there are a limited number of New York City trial assistants assigned to try these cases, and there are numerous other cases to which they can be assigned for trial if notified sufficiently in advance. When a plaintiff's counsel does not communicate to the court his or her alleged inability to proceed earlier than the day scheduled for trial, it becomes extremely difficult if not impossible to have the city trial assistant prepared to try one of those other trial-ready cases. Certainly plaintiff's trial counsel should have, prior to acceptance of the Civil Court trial, requested the assistance of this court in communicating with the Civil Court to determine which case had priority for trial assignment. In this regard, Rules of the Chief Administrator of the Courts (22 NYCRR) § 125.1 (c) (Uniform Rules for the Engagement of Counsel) provides: "(c) Subject to the provisions of subdivision (f) of this section, where an attorney has conflicting engagements in the same court or different courts, the affected courts shall determine in which matters adjournments shall be granted and in which matters the parties shall proceed."
The court is mindful that section 125.1 (f) provides that when a trial has commenced, that trial has priority, and that an adjournment is subject to the discretion of the judge before which the trial is presiding. Nevertheless, the date scheduled for {**4 Misc 3d at 631}trial in this action was fixed more than two months in advance of the September 8 trial date. Section 125.1 (g) provides:
"(g) This subdivision shall apply where a date for trial of an action or proceeding is fixed at least two months in advance thereof upon the consent of all attorneys or by the court. In such event, the attorneys previously designated as trial counsel must appear for trial on that date. If any of such attorneys is actually engaged on trial elsewhere, he or she must produce substitute trial counsel. If neither trial counsel nor substitute trial counsel is ready to try the case on the scheduled date, the court may impose any sanctions permitted by law." (Emphasis added.)
The court finds that plaintiff's counsel has not established a reasonable explanation for his failure to proceed to trial or to produce a substitute trial attorney ready to proceed. No reason was advanced why another associate or partner in the same firm could not have tried the case, nor why an outside trial counsel could not have been obtained. This court could have, but declined to order that the complaint be dismissed at the time trial counsel failed to appear on September 8th. (See Passaro v New York Hosp.-Cornell Med. Ctr., 289 AD2d 70 [1st Dept 2001]; Malachi v Good Samaritan Hosp., 245 AD2d 492 [2d Dept 1997].)
The court notes that the methodology available to it to impose financial sanctions on counsel for failure to appear is cumbersome, requiring, among other things, a hearing, which would consume more precious judicial resources. Moreover, the sanctions imposed under that rule implicate [*4]potential future disciplinary action against an attorney, which may exceed the appropriate measure of response for the particular failing of counsel (see Rules of Chief Administrator of Courts [22 NYCRR] subpart 130-2 ["Imposition of Financial Sanctions or Costs for Unjustified Failure to Attend a Scheduled Court Appearance"]).
This court nevertheless notes the long and continuing history of the impositions on restoration of a case to the trial calendar under appropriate circumstances. (See, e.g., Norfolk & Dedham Mut. Ins. Co. v Lightening Elec. Corp., 182 AD2d 415 [1st Dept 1992] [restoration to the calendar on condition that counsel for plaintiff pay defense counsel in excess of $13,000 of costs and expenses].) As stated by Professor Siegel in his Practice Commentary on CPLR 3404 (McKinney's Cons Laws of NY, Book 7B, CPLR C3404:6 ["Conditional Restoration"]):{**4 Misc 3d at 632}
"In 1969, for example, in Barrada v. Target Constr. Corp., 31 A.D.2d 810, 299 N.Y.S.2d 708 (2d Dep't 1969), the court granted the restoration motion, but only on the condition that the defendant be paid the sum of $250. That sum apparently represented what the court felt to be the expense incurred by D because of P's failure to show up at the calendar call. The court in Barrada noted the 'onerous consequences' that a refusal to restore would entail, and turned instead to the alternative of a restoration upon a monetary condition.
"With the years, conditional restorations of that kind have become common, with the sums imposed rising to keep pace with inflation, and occasionally, in a particularly egregious case, with judicial impatience. And it is often the attorney for the defaulting party rather than the client upon whom the money sanction is imposed . . .
"Sometimes the court may be apprehensive that the sanctioned party will not pay the imposed sum, perhaps because of the indulgence of the other side. Sometimes the court finds that the other side has not been all that conscientious itself. In such cases the court may require the sanctioned party to pay the money into court, to go to the public treasury. Where the defendant appeared all too amenable to the adjournments sought by the plaintiff, for example, the court found it inappropriate to condition a calendar restoration on a payment to be made to the defendant. It granted the restoration motion, but on the condition that the plaintiff's lawyer 'pay to the County Clerk for the benefit of the City of New York the sum of $500'. Campbell v Regency Towers, Inc., 76 Misc.2d 33, 349 N.Y.S.2d 928 (1973). The court said that the city is the most obvious beneficiary of such a payment because it bears the primary financial burden for maintaining the courtroom and compensating the various personnel assigned to the part, whether their services are used on a given day or not." (Emphasis added.)
The court concludes that the imposition of a monetary condition is appropriate in this case. However, because the defendant is a municipality, this court will adopt the reasonable remedy fashioned in Campbell (supra); and, accordingly, the matter is restored {**4 Misc 3d at 633}to its original position on the trial calendar upon proof of payment by counsel of record personally of $500 payable to the County Clerk for the benefit of the City of New York.

Footnotes

Footnote *: As a result of the continuing backlog of pending cases in the New York City Part, the court has declared that a crisis exists. In an effort to reduce this backlog, the court is in the process of promulgating revised court rules which implement a new calendar system. A key component of this system is the adoption of a "no adjournment" policy, similar to those in use in other counties, for those cases reached for assignment to a trial part.