■ GREGORY FEYGIN, Respondent, v ERICA MARTELL, Appellant and Third-Party Plaintiff-Appellant. NORMAN COHEN et

al., Third-Party Defendants-Respondents. [724 NYS2d 614] —Order, Supreme Court, New York County (Herman Cahn, J.), entered November 17, 2000, which, to the extent appealed from, granted the motion of plaintiff and third-party defendants to disqualify defendant and third-party plaintiff's attorney, unanimously affirmed, without costs.

The record supports the motion court's conclusion that in prior litigation the plaintiff and defendant, represented by her present counsel, had a joint strategy or common interest in which they were both aligned against Neways Inc. This joint strategy or common interest created a type of attorney/client privilege between plaintiff and the attorney (*see generally, People v Osorio*, 75 NY2d 80, 85; *Parisi v Leppard*, 172 Misc 2d 951), and, in view of that circumstance, the attorney may not now represent defendant in this action, since this action is substantially related to the prior litigation in which the attorney in her capacity as an attorney became the recipient of plaintiff's litigation-related confidences, and defendant's interests herein are adverse to those of plaintiff (*see, Solow v Grace & Co.*, 83 NY2d 303, 313). Furthermore, given the issues in this case, involving a purported agreement between defendant and plaintiff to share in the settlement obtained in the prior litigation against Neways, it appears that the attorney may very well be called as a witness in the instant litigation. Thus, for this reason as well, she should not continue as counsel to defendant in this matter (*see, Chang v Chang*, 190 AD2d 311, 318-319; *Zweig v Safeco Ins. Co.*, 125 AD2d 205, 206-207).

We have considered defendant's remaining contentions and find them unavailing. Concur—Williams, J. P., Ellerin, Lerner, Saxe and Buckley, JJ.