■ ELECTRA L. POLVINO, Appellant, v ISLAND GROUP ADMINISTRATION, INC., Respondent, et al., Defendant. [735 NYS2d 60] —In an action to recover damages for wrongful death and conscious pain and suffering, the plaintiff appeals (1) from an order of the Supreme Court, Suffolk County (Doyle, J.), dated April 17, 2000, which denied her motion to restore her action to the trial calendar, (2), as limited by her brief, from so much of an order of the same court dated June 21, 2000, as, upon renewal, adhered to the prior determination, and (3) from an order of the same court dated September 18, 2000, which denied her motion for leave to reargue.

Ordered that the appeal from the order dated April 17, 2000, is dismissed, as that order was superseded by the order dated June 21, 2000, made upon renewal; and it is further,

Ordered that the appeal from the order dated September 18, 2000, is dismissed, as no appeal lies from an order denying leave to reargue; and it is further,

Ordered that the order dated June 21, 2000, is reversed insofar as appealed from, on the law, the motion to restore the action to the trial calendar is granted, the action is restored to the trial calendar, and the order dated April 17, 2000, is vacated; and it is further,

Ordered that the appellant is awarded one bill of costs.

The defendant Island Group Administration, Inc. (hereinafter IGA), administers the health insurance plan provided by the defendant William Floyd Union Free School District of the Mastics-Moriches-Shirley (hereinafter the District) to its teachers. The plaintiff's decedent was employed in the District as a teacher, and allegedly experienced numerous problems in having her claims for benefits under the plan honored. Subsequent to the decedent's death, the plaintiff commenced this action against both IGA and the District. The action was marked off the trial calendar in the Supreme Court on May 26, 1999, due to the plaintiff's failure to appear. The action was subsequently discontinued against the District. On March 13, 2000, the plaintiff moved to restore her action against IGA to the trial calendar, but the motion was denied.

On appeal, the plaintiff argues that her action against IGA should be restored to the trial calendar. We agree. The Supreme Court erred in denying the plaintiff's motion to restore the action since the motion was made within one year of when the action was marked off the calendar (*see, Basetti v Nour,* 287 AD2d 126; *Pierre v LO-RAC Fuel Corp.,* 287 AD2d 492; *Jones v Strachan,* 287 AD2d 438). Krausman, J. P., H. Miller, Schmidt and Crane, JJ., concur.