■ CESARE MANDELLI et al., Appellants, v 10 PARK AVENUE TENANTS CORP., Respondent. (And a Third-Party Action.) [744 NYS2d 703] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Jackson, J.), dated January 9, 2001, which denied their motion for leave to file a note of issue, and (2) an order of the same court, dated February 28, 2001, which granted the defendant's cross motion to dismiss the complaint purportedly pursuant to CPLR 3404.

Ordered that the orders are reversed, on the law, with costs to the plaintiffs, the motion for leave to file a note of issue is granted, and the cross motion is denied.

If no note of issue has been filed, it is improper to mark a case off the calendar (*see Wasilewicz v Village of Monroe,* 288 AD2d 377). Since no note of issue was filed in this case, CPLR 3404 has no application here (*see Lopez v Imperial Delivery Serv.,* 282 AD2d 190). In view of the foregoing, the plaintiffs should be permitted to file a note of issue. Santucci, J.P., Goldstein, Luciano, Schmidt and Crane, JJ., concur.

■ JOHN MANNINO, Appellant, v HUNTINGTON HILTON HOTEL et al., Respondents. [744 NYS2d 705] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated August 1, 2001, which denied his motion pursuant to CPLR 3404 to restore the action to the trial calendar.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

A plaintiff seeking restoration of an action within one year of it being marked off the trial calendar need not demonstrate a reasonable excuse, a meritorious action, lack of intent to abandon, and a lack of prejudice to the defendants (*see Basetti v Nour,* 287 AD2d 126, 133). Thus, the Supreme Court erred in denying the plaintiff's motion to restore the action, since it was made within one year after the action was marked off the calendar (*see Polvino v Island Group Admin.,* 289 AD2d 315, 316). Prudenti, P.J., O'Brien, McGinity and Crane, JJ., concur.