■ JOHN MARAGOS et al., Appellants, v GETTY PETROLEUM CORP. et al., Respondents. [757 NYS2d 316] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Burke, J.), dated April 5, 2002, which denied their motion to restore the action to the trial calendar, and (2) an order of the same court, dated July 29, 2002, which denied their motion for leave to renew and reargue their prior motion.

Ordered that the appeal from so much of the order dated July 29, 2002, as denied the plaintiffs' motion for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated July 29, 2002, is reversed insofar as reviewed, that branch of the plaintiffs' motion which was for leave to renew is granted, upon renewal, the order dated April 5, 2002, is vacated, and the plaintiffs' motion to restore the action to the trial calendar is granted; and it is further,

Ordered that the appeal from the order dated April 5, 2002, is dismissed as academic in light of our determination of the appeal from the order dated July 29, 2002; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

Under the circumstances of this case, the Supreme Court should have granted that branch of the plaintiffs' motion which was for leave to renew their motion to restore the action to the trial calendar (*see Bloom v Primus Automotive Fin. Servs.,* 292 AD2d 410 [2002]). This action was marked off the trial calendar on September 28, 2000. By order to show cause dated July 31, 2001, the plaintiffs' former attorney moved to restore the case to the trial calendar and to be relieved as counsel. The Supreme Court granted counsel's request to be relieved and denied restoration with leave to renew after the expiration of a 30-day stay for the plaintiffs to find new counsel or proceed pro se. The plaintiffs complied with the Supreme Court's order and promptly moved to restore the action upon the expiration of the 30-day stay. The Supreme Court denied the motion, finding that the plaintiffs failed to provide a reasonable excuse for the 15-month delay in moving to restore.

A plaintiff seeking to restore a case within one year of it being marked off the calendar need not demonstrate a reasonable excuse, a meritorious action, lack of intent to abandon, and a lack of prejudice to the defendants (*see Acheson v Shepard,* 297 AD2d 271 [2002]; *Mannino v Huntington Hilton Hotel,* 295 AD2d 577 [2002]; *Basetti v Nour,* 287 AD2d 126 [2001]). Here, the Supreme Court erred in denying restoration because the initial motion was made within one year after the action was marked off. While the initial motion was denied, the plaintiffs were given leave to renew and complied with the Supreme Court's directives. Accordingly, there was no basis to deny the motion to restore. Altman, J.P., Florio, Friedmann and H. Miller, JJ., concur.