■ JAMES R. BRANNIGAN et al., Appellants, v BOARD OF EDUCATION OF LEVITTOWN UNION FREE SCHOOL DISTRICT, Respondent. [763 NYS2d 471] —In an action to recover damages, inter alia, for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (O'Connell, J.), dated June 11, 2002, which denied their motion to restore the action to the trial calendar pursuant to CPLR 3404.

Ordered that the order is reversed, on the law, with costs,

the motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

On April 2, 2001, the Supreme Court marked the present case off the trial calendar and advised the plaintiffs that it would not be restored unless they demonstrated the existence of a meritorious action. Within one year of the mark-off date, the plaintiffs moved to restore the action. The Supreme Court denied the motion, stating that the plaintiffs failed to establish a meritorious claim. We reverse.

It is well settled that a plaintiff seeking to restore a case within one year of it being marked off the calendar need not demonstrate a reasonable excuse, a meritorious action, lack of intent to abandon, and a lack of prejudice to the defendants (*see Acheson v Shepard,* 297 AD2d 271 [2002]; *Mannino v Huntington Hilton Hotel,* 295 AD2d 577 [2002]; *Basetti v Nour,* 287 AD2d 126 [2001]). The Supreme Court had no authority to alter the method for restoration as provided in CPLR 3404. As this Court stated in *Basetti v Nour* (*supra* at 133), the court has discretion, when faced with a case on the trial calendar that is not ready to proceed, to choose among several options, mindful of the consequences of each option. The court may (1) simply adjourn the case, (2) mark it off pursuant to CPLR 3404, thereby allowing automatic restoration within one year of the mark-off date, (3) vacate the note of issue pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 202.21 (e), thereby requiring the plaintiff to demonstrate a meritorious action, among other things, before the note of issue can be reinstated (*see* Uniform Rules for Trial Cts [22 NYCRR] § 202.21 [f]), or (4) dismiss the complaint or strike the answer pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 202.27, thereby requiring the dilatory party to vacate the default by demonstrating a reasonable excuse and a meritorious claim or defense (*see Basetti v Nour, supra* at 133-134). Here, the Supreme Court chose option two, which allowed automatic restoration within one year. Ritter, J.P., Santucci, Feuerstein and Schmidt, JJ., concur.