■ ANTONI SMITH, Appellant, v AVIS RENT A CAR SYSTEM, INC., et al., Respondents. [764 NYS2d 728] —In an action to re-

cover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (LeVine, J.), dated June 25, 2002, which granted the defendants' motion, inter alia, to strike the case from the trial calendar and which denied his cross motion to vacate the dismissal of the case and restore it to the trial calendar.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the cross motion is granted.

This case was struck from the trial calendar on January 26, 1999. Within one year, the plaintiff moved to restore the case to the trial calendar. On July 16, 1999, the Supreme Court, Queens County (Milano, J.), granted the plaintiff's motion and directed the "Clerk of the Court" to restore the case to the trial calendar. The order contained no further direction for the restoration of the case. Two months later, the order was filed with the County Clerk.

On February 6, 2001, a clerk in the trial term certified that the case was dismissed pursuant to CPLR 3404. Upon learning of the dismissal, the plaintiff's counsel contacted the trial term clerk's office. The plaintiff's counsel was told that he should file the order dated July 16, 1999, and the case would be restored. The plaintiff complied and the case was restored. Thereafter, the defendants moved to strike the case from the trial calendar and to "affirm" the February 6, 2001, "dismissal." The plaintiff cross-moved to vacate the "dismissal" and restore the case to the trial calendar. The Supreme Court granted the defendants' motion and denied the plaintiff's cross motion, stating that the case was never actually restored because the plaintiff failed "to take the necessary action of advising the Trial Term Clerk of the order" restoring the case dated July 16, 1999, in a timely manner. We reverse.

To restore a case that has been marked off the calendar pursuant to CPLR 3404, a plaintiff need only request restoration within one year following the mark-off date (*see Basetti v Nour,* 287 AD2d 126 [2001]). The order dated July 16, 1999, contained no direction that the plaintiff "advis[e] the Trial Term Clerk" in order to effectuate restoration, and such a requirement does not exist in CPLR 3404 or the rules of the court. While it may be better practice for a plaintiff to notify or file a restoration order with the trial term clerk's office, until such a procedure is established by the Legislature or codified in the rules of the court the order directing restoration must be explicit as to notification procedures. Accordingly, this case was never properly dismissed and should have remained on the trial calendar. Ritter, J.P., Feuerstein, H. Miller and Adams, JJ., concur.