■ LOUDETTE NEWSOME et al., Respondents, v WALTER AKINS, Appellant. [774 NYS2d 405]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated May 21, 2003, which, inter alia, granted the plaintiffs' motion to vacate a prior order of the same court dated January 16, 2003, granting the defendant's

motion to strike the complaint and dismissing the action upon the plaintiffs' default in opposing the motion.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in granting the plaintiffs' motion to vacate its prior order granting the defendant's motion to strike the complaint and dismissing the action upon the plaintiffs' default in opposing the motion (*see Holt Const. Corp. v J & R Music World,* 294 AD2d 540 [2002]; *Almonte v Latortue,* 293 AD2d 431 [2002]).

There is no basis in this record for dismissal of the action. By order dated May 23, 2002, the Supreme Court struck the matter from the trial calendar and held that "[o]nce all discovery has been completed, the plaintiff may move to restore this case to the trial calendar." CPLR 3404 allowed the plaintiffs one year to move to restore the action to the trial calendar and that period had not expired (*see Basetti v Nour,* 287 AD2d 126, 134 [2001]; *Smith v Avis Rent A Car Sys.,* 308 AD2d 573 [2003]). "It is well settled that a plaintiff seeking to restore a case within one year of it being marked off the calendar need not demonstrate a reasonable excuse, a meritorious action, lack of intent to abandon, and a lack of prejudice to the defendants" (*Brannigan v Board of Educ.,* 307 AD2d 945, 946 [2003]; *see Acheson v Shepard,* 297 AD2d 271 [2002]; *Mannino v Huntington Hilton Hotel,* 295 AD2d 577 [2002]). Prudenti, P.J., Goldstein, Luciano and Cozier, JJ., concur.