■ MATTHEW DIPIETRO, Respondent, v EDWARD Y.T. SHEN, Appellant. [783 NYS2d 307]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Goldstein, J.), dated February 18, 2004, which granted the plaintiff's motion to restore the action to the trial calendar and denied his cross motion to deem the action dismissed pursuant to CPLR 3404.

Ordered that the order is affirmed, with costs.

Ten months after this action was restored to the trial calendar by a so-ordered stipulation of the parties, it was marked off the trial calendar by order of the Supreme Court dated October 15, 2002. On September 12, 2003, the plaintiff moved to restore the action to the trial calendar. The Supreme Court granted the motion.

A plaintiff seeking to restore a case within one year of it being marked off the calendar need not demonstrate a reasonable excuse, a meritorious action, lack of intent to abandon, or a lack of prejudice to the defendants (*see Brannigan v Board of Educ. of Levittown Union Free School Dist.*, 307 AD2d 945, 946 [2003];

*Maragos v Getty Petroleum Corp.,* 303 AD2d 652 [2003]; *Acheson v Shepard,* 297 AD2d 271 [2002]; *Mannino v Huntington Hilton Hotel,* 295 AD2d 577 [2002]). Accordingly, the Supreme Court properly granted the plaintiff's motion to restore the action to the trial calendar.

The defendant's remaining contentions are without merit (*see* CPLR 2217 [a]). Florio, J.P., Goldstein, Adams, Rivera and Spolzino, JJ., concur.