GABOR SIMON HIRSCH et al., Respondents, v MONROE BUS CORP. et al., Appellants. [808 NYS2d 342]—

In an action to recover damages for personal injuries, etc., the defendants appeal from (1) an order of the Supreme Court, Kings County (M. Garson, J.), dated September 24, 2004, which granted the plaintiff's motion to restore the action to the inquest calendar, and (2) a judgment of the same court (Partnow, J.), entered January 5, 2005, which, after an inquest, is in favor of the plaintiffs and against them in the principal sums of $150,000 for past pain and suffering and $250,000 for future pain and suffering.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment.

Contrary to the defendants' contention, the Supreme Court properly granted the plaintiffs' motion to restore the action to the inquest calendar. There was no written order dismissing the action and it was marked off the inquest calendar pursuant to CPLR 3404. Since the motion to restore the action was made less than one year after it was marked off, restoration is automatic (*see Basetti v Nour*, 287 AD2d 126, 134-135 [2001]).

In light of this determination, we need not reach the issues of whether the plaintiffs' excuse was reasonable or whether they showed the existence of a meritorious case.

The award of damages for past and future pain and suffering was not excessive (*see* CPLR 5501; *Van Ness v New York City Tr. Auth.*, 288 AD2d 374, 375-376 [2001]; *see also Frascarelli v Port Auth. of N.Y. & N.J.*, 269 AD2d 422 [2000]). Adams, J.P., S. Miller, Ritter and Lifson, JJ., concur.