■ MICHAEL J. KOHN et al., Plaintiffs, v CITIGROUP, INC., et al., Respondents, RICHARD SPATOLA et al., Appellants, et al., Defendants. [814 NYS2d 702]—

In an action to recover damages for personal injuries, the defendants Richard Spatola and Susan Cuoco appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, J.), dated April 26, 2005, as denied that branch of their cross motion which was to dismiss the cross claim of the defendants Citigroup, Inc., and Citibank, NA, for common-law indemnification against them and granted the motion of the defendants Citigroup, Inc., and Citibank, NA, to restore the cross claim to the trial calendar.

Ordered that the order is affirmed insofar as appealed from, with costs.

On January 28, 2000 the car in which the plaintiffs were traveling collided with, among other vehicles, a vehicle owned by the defendant Susan Cuoco and operated by the defendant Richard Spatola. The defendants Citigroup, Inc., and Citibank, NA (hereinafter collectively Citigroup), were Spatola's employer. At the time of the collision, Spatola was operating Cuoco's vehicle in the course of his employment with Citigroup. The plaintiffs commenced this action, against, among others,

Spatola, Cuoco, and Citigroup, and Citigroup, in turn, asserted a cross claim for common-law indemnification against Spatola and Cuoco.

Spatola and Citigroup were represented by separate counsel provided by their respective insurance carriers. However, before the commencement of the liability trial on the plaintiffs' causes of action, the court ruled, over Spatola's objection, that Citigroup and Spatola were united in interest despite the pending cross claim, and that only one counsel could represent them at the trial. As a result, Citigroup's counsel, Michael V. Hanrahan (who no longer represents any party to this litigation), was selected to represent both.

At the conclusion of the liability trial, Citigroup's cross claim was not submitted to the jury. However, shortly before the jury was to announce its verdict on the plaintiffs' causes of action, Hanrahan, acting on behalf of Citigroup, made an oral application, in effect, for a conditional judgment of indemnification against Spatola. The trial court, at that point, recognized that Hanrahan had a conflict of interest and denied the application. Hanrahan then made an oral application to sever the cross claim, which was granted over Spatola's objection.

The main action was settled before the jury verdict was rendered. Over Citigroup's objection, Spatola stated that the settlement was in satisfaction of all claims, including Citigroup's cross claim. Over Spatola's objection, Citigroup asserted that the settlement was without prejudice to its cross claim. The court declined to resolve the matter.

By order dated October 29, 2003, Citigroup's severed cross claim was marked off the calendar pursuant to CPLR 3404. Nearly one year later, Citigroup moved to restore it. Spatola and Cuoco cross-moved, inter alia, to dismiss it. The motion was granted and that branch of the cross motion which was to dismiss the cross claims was denied. Spatola and Cuoco appeal. We affirm.

While there can be little doubt that Hanrahan should not have represented both Citigroup and Spatola at the liability trial (see Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d 123 [1996]; Columbus Constr. Co., Inc. v Petrillo Bldrs. Supply Corp., 20 AD3d 383, 383-384 [2005]; Feygin v Martell, 283 AD2d 304, 305 [2001]), we do not find, under the circumstances presented, that Hanrahan's conduct required dismissal of Citigroup's cross claim. The cross claim was neither submitted to the jury nor ruled upon by the trial court (cf. Carrols Corp. v Candy Candy, 241 AD2d 955, 956 [1997]) and the jury, in any event, never rendered its verdict, which the trial court properly determined

to be "null and void" in light of the intervening settlement (*see Morrison-Knudsen Co. v Continental Cas. Co.,* 181 AD2d 500, 501 [1992]). Thus, for purposes of Citigroup's cross claim, it is as though the main action never existed, and Spatola's liability, if any, for the happening of the accident will have to be litigated anew (*see Singleton Mgt. v Compere,* 243 AD2d 213, 215 [1998]).

Moreover, the Supreme Court properly granted Citigroup's motion to restore the cross claim to the trial calendar. The trial court did not dismiss the cross claim, but instead elected to mark it off the calendar pursuant to CPLR 3404. Since the motion to restore was made less than one year later, restoration was automatic (*see Hirsch v Monroe Bus Corp.,* 24 AD3d 609 [2005]; *Basetti v Nour,* 287 AD2d 126, 134-135 [2001]).

The remaining contentions of Spatola and Cuoco are without merit. Miller, J.P., Santucci, Rivera and Fisher, JJ., concur.