■ MALACHY LYONS, JR., Appellant, v PAUL DONNELLY, JR., Respondent. [830 NYS2d 519]—In an action to recover damages for legal malpractice and breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Lally, J.), dated July 15, 2005, which denied his motion to restore the action to the trial calendar.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

"A plaintiff seeking to restore a case within one year of it being marked off the calendar need not demonstrate a reasonable excuse, a meritorious action, lack of intent to abandon, or a lack of prejudice to the defendants" (*DiPietro v Shen*, 12 AD3d 343, 343 [2004]; *see Newsome v Akins*, 6 AD3d 512, 513 [2004]; *Bran-*

*nigan v Board of Educ. of Levittown Union Free School Dist.*, 307 AD2d 945, 946 [2003]; *Maragos v Getty Petroleum Corp.*, 303 AD2d 652, 653 [2003]; *Mannino v Huntington Hilton Hotel*, 295 AD2d 577, 577 [2002]; *see also Small v New York City Health & Hosps. Corp.*, 306 AD2d 269, 270 [2003]; *Acheson v Shepard*, 297 AD2d 271, 271 [2002]). Thus, the Supreme Court erred in denying the plaintiff's motion to restore the action to the trial calendar, as the motion was made within one year after the action was marked off the calendar (*see Maragos v Getty Petroleum Corp., supra* at 653; *Mannino v Huntington Hilton Hotel, supra* at 577; *see also Small v New York City Health & Hosps. Corp., supra* at 270; *Acheson v Shepard, supra* at 271).

In light of our determination, we need not address the parties' remaining contentions. Schmidt, J.P., Krausman, Balkin and McCarthy, JJ., concur.