■ PATRICIA ROSS, Respondent, v BROOKDALE UNIVERSITY HOSPITAL AND MEDICAL CENTER, Appellant. [863 NYS2d 236]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated September 13, 2007, which, upon restoring the action to active status, granted the plaintiff's motion to restore the action to the trial calendar to the extent of directing the plaintiff to serve and file a note of issue by a date certain.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendant's contention, the plaintiff was not required to show the existence of a reasonable excuse and a meritorious cause of action in order to have this matter restored to the trial calendar. Although the Supreme Court purportedly vacated the note of issue pursuant to 22 NYCRR 202.21 (e), vacatur under that court rule is warranted only with respect to actions which are not ready for trial or where "it appears that a material fact in the certificate of readiness is incorrect, or that the certificate of readiness fails to comply with the requirements of [that] section in some material respect" (*id.*). Here,

the note of issue was vacated solely by virtue of the fact that the "[p]laintiff's attorney fail[ed] to appear 2 times" at the call of the trial calendar. Accordingly, the plaintiff, in moving to restore the action to the trial calendar, was under no obligation to submit an affidavit of merit or to show "the reasons for the acts or omissions which led to the note of issue being vacated," since such submissions are required only in connection with "[m]otions to reinstate notes of issue vacated pursuant to" Uniform Rules for Trial Courts (22 NYCRR) § 202.21 (f). Further, since the plaintiff moved to restore the action to the trial calendar within one year of the date it was stricken, restoration was automatic (*see Kohn v Citigroup, Inc.*, 29 AD3d 530, 532 [2006]; *Brannigan v Board of Educ. of Levittown Union Free School Dist.*, 307 AD2d 945 [2003]; *Basetti v Nour*, 287 AD2d 126, 133-134 [2001]).

Moreover, after the matter was stricken from the trial calendar, it was not dismissed, but rather designated as "inactive." Since the matter was not dismissed due to the plaintiff's failure to appear at a compliance conference (*see* 22 NYCRR 202.27; *Dergousova v Long*, 37 AD3d 645 [2007]), or for any other reason, there was no requirement that the plaintiff submit an affidavit of merit or an explanation as to why the case was removed from active status. Hence, the Supreme Court did not err in restoring the action to active status (*id.; cf. Lopez v Imperial Delivery Serv.*, 282 AD2d 190 [2001]), regardless of the sufficiency of the plaintiff's affidavit of merit or explanation as to why the matter was marked inactive. Fisher, J.P., Florio, Angiolillo, Dickerson and Belen, JJ., concur.