Soo Ji Kim, Appellant, v Scott A. Seney, Respondent. [937 NYS2d 628]—

On January 25, 2010, the Supreme Court struck the action from the trial calendar after the plaintiff appeared for the calendar call but was not ready for trial. There was no order vacating the note of issue pursuant to 22 NYCRR 202.21 (e). Accordingly, contrary to the defendant's contention, in moving to restore the action to the trial calendar, the plaintiff was not required to submit a certificate of readiness or show that the case was ready for trial (*see* 22 NYCRR 202.21 [f]; *Ross v Brookdale Univ. Hosp. & Med. Ctr.*, 54 AD3d 370, 371 [2008]). Furthermore, since the plaintiff moved to restore the action to the trial calendar within one year of the date it was stricken, restoration was automatic (*see* CPLR 3404; *Ross v Brookdale Univ. Hosp. & Med. Ctr.*, 54 AD3d at 371; *Kohn v Citigroup, Inc.*, 29 AD3d 530, 532 [2006]; *Basetti v Nour*, 287 AD2d 126, 133-134 [2001]).

Moreover, after the matter was stricken from the trial calendar, there was no order dismissing the action pursuant to 22 NYCRR 202.27 (*see Mitskevitch v City of New York*, 78 AD3d 1137, 1138 [2010]; *Casavecchia v Mizrahi*, 62 AD3d 741, 742 [2009]; *Burdick v Marcus*, 17 AD3d 388 [2005]). Accordingly, the plaintiff's motion to reinstate the note of issue should have been granted, and, upon renewal and reargument, the plaintiff's motion to restore the action to the trial calendar should have been granted. Skelos, J.P., Dickerson, Hall, Roman and Cohen, JJ., concur.