■ MICHAEL PLOTKIN, Appellant, v J.J. NAZZARO ASSOCIATES, LTD., et al., Respondents, et al., Defendants. [970 NYS2d 253]—

In an action, inter alia, to recover damages for breach of contract and injury to real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated June 19, 2012, which denied his unopposed motion to reinstate the note of issue and restore the action to the trial calendar.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion to reinstate the note of issue and restore the action to the trial calendar is granted.

On April 4, 2011, the Supreme Court marked this action off the trial calendar and, in a notation, indicated that the note of issue was vacated. On April 3, 2012, the plaintiff filed a notice of motion to restore the note of issue and the matter to the trial calendar. The Supreme Court denied the plaintiff's motion.

Since the note of issue was not vacated pursuant to 22 NYCRR 202.21 (e), the plaintiff was not required to make a showing pursuant to 22 NYCRR 202.21 (f) in support of his motion, inter alia, to reinstate the note of issue (*see* Uniform Rules for Trial Cts [22 NYCRR] § 202.21 [f]; *Soo Ji Kim v Seney*, 91 AD3d 941, 942 [2012]; *Ross v Brookdale Univ. Hosp. & Med. Ctr.*, 54 AD3d 370, 371 [2008]). Accordingly, the plaintiff was not required to

show that there was merit to the action, the reasons for the acts or omissions which led to the vacatur of the note of issue, or that the case was ready for trial (*see Soo Ji Kim v Seney*, 91 AD3d at 942; *Ross v Brookdale Univ. Hosp. & Med. Ctr.*, 54 AD3d at 371).

Furthermore, since the plaintiff moved to restore the action to the trial calendar within one year after the date it was stricken from the trial calendar, the action may not be "deemed abandoned" or subject to automatic dismissal "for neglect to prosecute" (CPLR 3404; *see Soo Ji Kim v Seney*, 91 AD3d at 942; *Ross v Brookdale Univ. Hosp. & Med. Ctr.*, 54 AD3d at 371; *Kohn v Citigroup, Inc.*, 29 AD3d 530, 532 [2006]). Accordingly, the plaintiff was not required to demonstrate a reasonable excuse for the action being marked off of the trial calendar, a meritorious action, a lack of intent to abandon the action, or a lack of prejudice to the defendants (*see Lyons v Donnelly*, 38 AD3d 501, 501-502 [2007]; *Maragos v Getty Petroleum Corp.*, 303 AD2d 652, 653 [2003]; *see also Basetti v Nour*, 287 AD2d 126 [2001]).

Under these circumstances, the Supreme Court should have granted the plaintiff's motion to reinstate the note of issue and restore the action to the trial calendar (*see Soo Ji Kim v Seney*, 91 AD3d at 942; *Ross v Brookdale Univ. Hosp. & Med. Ctr.*, 54 AD3d at 371; *Lyons v Donnelly*, 38 AD3d at 501-502; *Maragos v Getty Petroleum Corp.*, 303 AD2d at 653). Angiolillo, J.P., Balkin, Austin and Miller, JJ., concur.