Wave Medical Services, P.C., as Assignee of Robinson, Kitwana, Appellant,
against
Farmers New Century Insurance Co., Respondent. 




The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for appellant.
Law Offices of Buratti, Rothenberg & Burns (Bryan M. Rothenberg and Argyria A.N. Kettagias of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Michael Gerstein, J.), entered December 11, 2018. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff Wave Medical Services, P.C. (Wave) moved for summary judgment and defendant Farmers New Century Insurance Co. (Farmers) cross-moved for summary judgment dismissing the complaint. In support of its cross motion, Farmers submitted an order that had been entered in a Supreme Court declaratory judgment action which granted a motion brought by, among others, Farmers seeking a default judgment against, among others, Wave. The order found specifically that the plaintiffs therein, including Farmers, were entitled to a default judgment on liability against Wave, but did not declare the rights of the parties. The Civil Court denied Wave's motion for summary judgment and granted Farmers' cross motion for summary judgment dismissing the complaint based upon the Supreme Court order. In response to Wave's appeal, Farmers submits a judgment that was entered in the Supreme Court which declared, among other things, that Farmers has no duty to pay any no-fault [*2]benefits to Wave in any current or future proceeding because Wave is ineligible to collect no-fault benefits pursuant to 11 NYCRR 65-3.16 (a) (12). 
A court "may in general take judicial notice of matters of public record" (Headley v New York City Tr. Auth., 100 AD3d 700, 701 [2012]; see Matter of Oak Tree Realty Co., LLC v Board of Assessors, 71 AD3d 1027 [2010]; Kingsbrook Jewish Med. Ctr. v Allstate Ins. Co., 61 AD3d 13 [2009]). In light of the Supreme Court's declaration that Farmers has no obligation to pay no-fault benefits to Wave in any current proceeding, set forth in the Supreme Court judgment of which we take judicial notice, we find that the Civil Court properly denied Wave's motion for summary judgment and granted Farmers' cross motion for summary judgment dismissing the complaint (see Healing Art Acupuncture, P.C. v 21st Century Ins. Co.,59 Misc 3d 139[A], 2018 NY Slip Op 50583[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). 
Accordingly, the order is affirmed. 
ALIOTTA, P.J., WESTON and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 15, 2020